Request of Governor and Council,
No. 5978.

## OPINION OF THE JUSTICES.

Submitted August 13, 1969.
Answer returned August 26, 1969.

The following resolution was adopted by the Governor and Council July 31, 1969 and filed in this court on August 4, 1969:

"WHEREAS, Laws of 1969, Chapter 367, Section 4 appropriates seventy-five thousand dollars ($75,000) to the Department of Administration and Control for the fiscal year ending June 30, 1970 for the payment of counsel for indigent defendants; and

"WHEREAS, Laws of 1969, Chapter 368, Section 4 appropriates the same amount of money to the Department of Administration and Control for the fiscal year ending June 30, 1971 for the same purpose; and

"WHEREAS, Each appropriation is subject to a footnote that provides that: 'Those persons requiring court appointment of counsel shall be personally responsible for payment of 10% of the legal fees. Providing, however; [sic] that said person shall pay a minimum of $5. and shall not be responsible for payment in excess of $20.'; and

"WHEREAS, Part I, Article 14 of the New Hampshire Constitution provides, in part, that 'every subject of this state is entitled . . . to obtain right and justice freely, without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws'; and

"WHEREAS, Part I, Article 15 of the New Hampshire Constitution provides that 'every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the state if need is shown'; and

"WHEREAS, RSA 604-A (supp) provides for adequate representation for indigent defendants in criminal cases charged with

felonies or misdemeanors other than petty offenses, a petty offense being defined as any misdemeanor the penalty for which does not provide for imprisonment or a fine exceeding five hundred dollars, and stipulates the maximum amounts that may be paid to counsel representing indigent defendants; and

"WHEREAS, The right to the assistance of counsel provided by the Sixth Amendment to the United States Constitution is applicable to the states through the Fourteenth Amendment to the United States Constitution; and

"WHEREAS, The right to the equal protection of the laws is available to every person through the Fourteenth Amendment to the United States Constitution; and

"WHEREAS, With reference to the appropriations mentioned, these constitutional and statutory rights are available to an indigent defendant in New Hampshire through the trial and appellate phases of a criminal case until the final adjudication of that case; and

"WHEREAS, Governor and Council have pending before them a warrant from the Department of Administration and Control for the payment of the entire fee submitted by counsel for indigent defendants, and not for ninety per cent of the entire fee or for the proportion of the entire fee determinable under the formula set forth in the footnote; and

"WHEREAS, A question has been raised as to the constitutionality of the footnote; and

"WHEREAS, This is a solemn occasion and there are important questions of law regarding this subject that compel the Governor and Council to require the opinion of the Justices of the Supreme Court;

"NOW, THEREFORE, BE IT RESOLVED, By Governor and Council assembled in regular session on July 31, 1969, that the opinion of the Justices of the Supreme Court is requested upon the following questions:

"1. Pursuant to the footnote attached to the appropriation for the payment of counsel for indigent defendants, set forth in 1969, 367:4 and 1969, 368:4, may the state provide legal counsel to an indigent defendant, pay such counsel after he has rendered his services to the indigent defendant, and then recoup from the indigent defendant ten per cent of the fee or a minimum of five dollars but not more than twenty dollars of the fee paid by the

state to such counsel, if the indigent defendant has the resources to pay that proportion of the fee?

"2. In requiring an indigent defendant to be personally responsible for payment of ten per cent of the legal fees, provided that the indigent defendant shall pay a minimum of five dollars but not more than twenty dollars, (a) Is the footnote to be administered as requiring a payment by an indigent defendant within a range of five dollars through twenty dollars only if that range is equal to or less than ten per cent of the legal fees; (b) If the answer is in the affirmative, who is to determine and how is one to determine where within the range of five dollars through twenty dollars the responsibility of an indigent defendant lies; (c) If the answer to 3 (a) is in the negative, who is to determine and how is one to determine when an indigent defendant has the responsibility to pay for more than ten per cent of the legal fees but not less than five dollars or more than twenty dollars?"

*To his Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court submit the following answer to the questions contained in your resolution filed August 4, 1969 relating to Laws of 1969, chapters 367, 368.

Your questions all relate to a footnote to the appropriation for the payment of counsel for indigent defendants in the fiscal years ending June 30, 1970 and June 30, 1971. This footnote reads as follows: "Those persons requiring court appointment of counsel shall be personally responsible for payment of 10% of the legal fees. Providing however; that said person shall pay a minimum of $5 and shall not be responsible for payment in excess of $20."

Prior to the enactment of RSA ch. 604-A (supp) in 1965, counsel appointed to defend indigent persons were compensated by the county in which the case was brought. RSA ch. 604. Following the decision in *Gideon* v. *Wainwright*, 372 U. S. 335 holding that the Sixth Amendment to the Federal Constitution guaranteed the right to counsel to an indigent accused of a felony, the Judicial Council recommended the adoption of RSA ch. 604-A (supp) which extended the right to counsel to all cases but petty offenses and transferred to the State the cost of counsel.

See 10th Report of N. H. Judicial Council, *p.* 18-27 (1964).

This statute resembles in its structure the federal act. 18 U. S. C. *s.* 3006A. Both provide limitations upon the amount payable to counsel and contemplate that attorneys representing indigents will not be compensated at the amounts they would receive under private retainers. The bar of New Hampshire may well take pride in the willingness with which able and experienced counsel have represented indigent defendants over the years at considerable financial sacrifice.

It has not seemed illogical to either courts or legislators that a defendant who has or acquires the ability to pay his attorney should do so. The difficulty lies in making such reimbursement provisions in a manner that does not violate constitutional requirements. For example in *Rinaldi* v. *Yeager,* 384 U. S. 305 the Supreme Court declared that a New Jersey statute requiring a defendant who was convicted and sentenced to prison to pay the cost of an appeal transcript out of his prison wages was unconstitutional. Since the statute required only persons sentenced to prison to pay and required no payment from a person fined or placed on probation it violated the Equal Protection Clause of the 14th Amendment. See Comment 67 Mich. L. Rev. 1404. Cf. *In re Allen,* 455 P. 2d 143 (Cal.).

Effective November 16, 1966 Article 15th, Part I of the New Hampshire Constitution was amended by adding at the end of the Article the following language: "Every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the state if need is shown; this right he is at liberty to waive, but only after the matter has been thoroughly explained by the court."

In our opinion the footnote to the appropriation bill conflicts with the language of this amendment. RSA 604-A:3 (supp) permits the court to assign counsel to a defendant who lacks sufficient funds to employ counsel and to require such defendant to pay such part of the cost as his funds permit. RSA 604-A:9 (supp) permits the court to require repayment as a condition of probation. RSA 604-A:4 & 5 (supp) as amended by chapter 364 of the Laws of 1969 limits the compensation with definite dollar limits in each court and requires review by the court of the charges. We take judicial notice that some judges have required repayment of counsel fees as a condition of probation

and note that RSA 604-A:9 (supp) added by Laws 1969, ch. 475 gives statutory authority to this practice. If the footnote were addressed only to the indigent who has or will acquire some funds it might be considered unnecessary but not in conflict with our Constitution. However, it applies as well to the defendant who has no funds and no probability of acquiring any, either because he is imprisoned or destitute, and this is in conflict with the requirement of Article 15th Part I of the Constitution which specifically provides that a person "shall have the right to counsel at the expense of the state if need is shown . . . . "

We are therefore of the opinion that the answer to your first question is that the footnote is invalid and payment should be made to counsel without reference to it. Our answer to the first question renders moot the other questions propounded.

> FRANK R. KENISON.
> LAURENCE I. DUNCAN.
> EDWARD J. LAMPRON.
> WILLIAM A. GRIMES.
> ROBERT F. GRIFFITH.

August 26, 1969.

*Helen White* for Southern New Hampshire Legal Services Association, Inc., for negative answer.