Argued December 1, 1972, affirmed January 12, petition
for rehearing denied February 8, petition for
review denied May 22, 1973

STATE OF OREGON, *Respondent, v.* PRINCE
ERIC FULLER (No. C-72-05-1685 Cr),
*Appellant.*

504 P2d 1393

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C.J.

The sole question in this appeal which merits discussion is whether a sentencing court has authority to include among the conditions of probation the requirement that a defendant repay attorney fees and investigator fees that the county expended on his behalf because he was indigent at the time of trial. Such a sentence is authorized by ORS 161.665, 161.675 and 161.685,[①] enacted by the legislature in 1971. Oregon

_____

① ORS 161.665 provides:
"(1) The court may require a convicted defendant to pay costs.

Laws 1971, ch 743, §§ 80, 81 and 82, p 1899. Relying on *James v. Strange*, 407 US 128, 92 S Ct 2027, 32 L Ed

"(2) Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law.

"(3) The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

"(4) A defendant who has been sentenced to pay costs and who is not in contumacious default in the payment thereof may at any time petition the court which sentenced him for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or his immediate family, the court may remit all or part of the amount due in costs, or modify the method of payment under ORS 161.675."

ORS 161.675 provides:

"(1) When a defendant is sentenced to pay a fine or costs, the court may grant permission for payment to be made within a specified period of time or in specified instalments. If no such permission is included in the sentence the fine shall be payable forthwith.

"(2) When a defendant sentenced to pay a fine or costs is also placed on probation or imposition or execution of sentence is suspended, the court may make payment of the fine or costs a condition of probation or suspension of sentence."

ORS 161.685 provides:

"(1) When a defendant sentenced to pay a fine defaults in the payment thereof or of any instalment, the court on motion of the district attorney or upon its own motion may require him to show cause why his default should not be treated as contempt of court, and may issue a show cause citation or a warrant of arrest for his appearance.

"(2) Unless the defendant shows that his default was not attributable to an intentional refusal to obey the order of the court or to a failure on his part to make a good faith effort to make the payment, the court may find that his

2d 600 (1972), defendant argues it is unconstitutional to require repayment of such fees as part of a sentence.

The Supreme Court in *James v. Strange,* supra, held a Kansas statute providing for recoupment of attorney fees from indigent defendants violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. However, the sole basis for this holding was that the Kansas law did not allow indigent defendants ordered to pay such fees all of the exemptions from execution provided for other judgment debtors. The court did not hold that a statutory scheme for recoupment of attorney fees

---

default constitutes contempt and may order him committed until the fine, or a specified part thereof, is paid.

"(3) When a fine is imposed on a corporation or unincorporated association, it is the duty of the person authorized to make disbursement from the assets of the corporation or association to pay the fine from those assets, and his failure to do so may be held to be contempt unless he makes the showing required in subsection (2) of this section.

"(4) The term of imprisonment for contempt for nonpayment of fines shall be set forth in the commitment order, and shall not exceed one day for each $25 of the fine, 30 days if the fine was imposed upon conviction of a violation or misdemeanor, or one year in any other case, whichever is the shorter period. A person committed for nonpayment of a fine shall be given credit toward payment for each day of imprisonment at the rate specified in the commitment order.

"(5) If it appears to the satisfaction of the court that the default in the payment of a fine is not contempt, the court may enter an order allowing the defendant additional time for payment, reducing the amount thereof or of each instalment or revoking the fine or the unpaid portion thereof in whole or in part.

"(6) A default in the payment of a fine or costs or any instalment thereof may be collected by any means authorized by law for the enforcement of a judgment. The levy of execution for the collection of a fine shall not discharge a defendant committed to imprisonment for contempt until the amount of the fine has actually been collected."

on its face violated the Equal Protection Clause. Neither did it find such statutes on their face impaired a defendant's Sixth Amendment right to counsel.

ORS 161.665(1) and 161.665(3) read together authorize a sentencing court to require a convicted defendant to repay certain costs if he is or will be able to pay them. A sentence requiring repayment of costs is never mandatory. Normally, the judgment for costs is docketed as a judgment in a civil action and enforced in the same manner as a civil judgment. ORS 137.180;[2] ORS 137.450;[3] ORS 161.685(6). Alternatively, ORS 161.675(2) provides that when a defendant sentenced to repay costs is also placed on probation the court *may* make repayment of the costs a condition of probation. In this case defendant received the sentence authorized by ORS 161.675(2). His contention that such a sentence is invalid presents three issues.

(1) Are fees of appointed defense attorneys and investigators "costs" which may be assessed against a convicted defendant under ORS 161.665?

(2) Is such a statute inconsistent with defendant's right to counsel or to equal protection of the laws?

(3) Assuming a civil recoupment statute is valid under the Sixth and Fourteenth Amendments to the

---

[2] ORS 137.180 provides:

"A judgment that the defendant pay money, either as a fine or as costs and disbursements of the action, or both, shall be docketed as a judgment in a civil action and with like effect, as provided in ORS 18.320, 18.350 and 18.400."

[3] ORS 137.450 provides:

"A judgment against the defendant in a criminal action or the private prosecutor, so far as it requires the payment of a fine or costs and disbursements of the action, or both, may be enforced as a judgment in a civil action."

United States Constitution, is the repayment of costs as a condition of probation involving possible imprisonment under certain circumstances for nonpayment impermissible under the Equal Protection Clause?

## (1)

The costs that a defendant may be required to repay are defined in ORS 161.665(2) as follows:

> "Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law."

■ The state submits that the costs "specially incurred" in prosecuting a defendant include the costs of providing a court-appointed counsel and the payment of investigator's expenses. These are, in fact, the principal expenses which the state "specially" incurs in prosecuting an individual defendant. The statute specifically excludes a jury fee or the costs of summoning jurors. In addition, most of the costs of the prosecution side of the case are excluded from consideration as costs. The "costs of prosecution" specifically do not include district attorneys' salaries, sheriffs' salaries, jurors' fees, police investigations, etc. *See*, *Minutes*, Criminal Law Revision Commission Meeting, May 14, 1970, pp 27-30. Although the services of any attorney and investigator are used by and for a defendant's benefit in the first instance, they are costs which the state or county must pay if an indigent

defendant is to be prosecuted. They are thus costs which are assessable as part of the sentence in a proper case.[①]

## (2)

■ *Argersinger v. Hamlin,* 407 US 25, 92 S Ct 2006, 32 L Ed 2d 530 (1972), *Gideon v. Wainwright,* 372 US 335, 83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d 733 (1963), and *Stevenson v. Holzman,* 254 Or 94, 458 P2d 414 (1969), all hold that a defendant facing trial which may result in imprisonment has the right to be represented by counsel, and that right cannot be denied him on the ground of indigency. No case says that counsel must be provided if the defendant has the ability to pay for counsel, but simply chooses not to spend the money for attorney fees. Neither does any decision of the United States or Oregon Supreme Court hold that the state may not recoup the cost of counsel fees if a defendant later becomes able to repay them.

■ Oregon's recoupment statute provides that a defendant shall not be sentenced to repay costs "unless the defendant is or will be able to pay them," and that the court may consider "the nature of the burden that payment of costs will impose," including "manifest hardship on the defendant or his immediate family." ORS 161.665(3) and (4). Thus, an indigent defendant is entitled to free counsel immediately (which is when

---

[①] It is clear from the Proposed Criminal Code, § 80, pp 76-7, that the Criminal Law Revision Commission intended the "costs" defined in ORS 161.665(2) include the costs of legal assistance furnished an indigent. Former ORS 137.205 provided for taxation against a defendant for the cost of legal assistance furnished to him, and the Proposed Criminal Code states, see Table, p XXV, that the intent of the Commission was that the substance of former ORS 137.205 be retained by placing it in what is now ORS 161.665(2).

he needs it), but may be later required to repay this cost if he "is or will be" able to do so, that is, if he has ceased or likely will cease to be indigent. A defendant is not denied counsel while he is indigent, and he is required to repay appointed counsel's fee only if and when he is no longer indigent. If there is no likelihood that a defendant's indigency will end, a judgment for costs cannot be imposed. ORS 161.665(3). If there appears to be the future possibility of ability to repay at the time of sentencing, but the defendant remains an indigent, the judgment for costs cannot be collected. The court retains jurisdiction to determine ability to pay. No denial of the exemptions from execution afforded to other judgment debtors is included in the Oregon statutes. ORS 161.665 to ORS 161.685 neither denies a defendant the right to counsel, nor discriminates against him because of poverty.

## (3)

■■ Where payment of costs is made a condition of probation the possibility exists that a defendant may not only have judgment for the costs entered against him, but he may, in fact, be subject to revocation of his probation. However, it is clear from the tenor of the recoupment statute that the discretion of the trial court to revoke probation for nonpayment of costs is sharply limited. Such revocation may only occur if the court specifically finds: (1) the defendant has the present financial ability to repay the costs involved (either all or by installments) without hardship to himself or his family, *cf.,* ORS 161.665(4); *and* (2) the defendant's failure to repay (either all or by installments) is an intentional, contumacious default,

*cf.,* ORS 161.665(4). If the evidence adduced at a revocation hearing does not establish both of the above elements, not only is revocation improper, but the trial court may well consider remission of the unpaid costs pursuant to ORS 161.665(4). Given these substantial limitations on a trial court's authority to revoke probation for nonpayment of costs, we perceive no constitutional infirmity with a sentence that places a defendant on probation on condition that he repay costs.

A sentencing court may very possibly consider the repayment of the expenses of prosecution, like that of restitution to the victim of crime, ORS 137.540 (10),[9] rehabilitative. We see no good reason why a defendant should have the right to refuse to make restitution or pay costs imposed against him as a result of his own wrongdoing if in the future it is determined that his circumstances have changed so that he is able to pay without any hardship to himself or his immediate family. In many instances rehabilitation may involve a defendant's doing the best he can to redress his victims, which may include both a particular victim and society as a whole.

We are aware that the Supreme Court of the state of California has decided this issue to the contrary in *In Re Allen,* 71 Cal2d 388, 78 Cal Rptr 207,

---

[9] ORS 137.540(10) provides:

"The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:

"(10) Make reparation or restitution to the aggrieved party for the damage or loss caused by offense, in an amount to be determined by the court."

455 P2d 143 (1969), but for the reasons indicated above, we are not persuaded by that opinion.[®]

Affirmed.

FORT, J., dissenting.

In *In re Allen*, 71 Cal 2d 388, 78 Cal Rptr 207, 455 P2d 143 (1969), as the majority points out, the Supreme Court of California considered, though under a different statute, the basic problem here decided by the majority decision.

After a discussion of United States Supreme Court decisions, the California court said:

> "We conclude that the imposition of the condition under attack constitutes an impediment to the free exercise of a right guaranteed by the Sixth Amendment to the Constitution and as with respect to other impediments or forms of compulsion against the exercise of such rights may not be permitted by the courts.
>
> "* * * * *

---

[®] The opinion of the California Supreme Court indicates that at least as of the date of that opinion California had no recoupment statutes similar to Oregon's.

"The condition of probation under attack is the requirement that the petitioner 'reimburse the County of San Mateo for court-appointed counsel through the Probation Department.'

"Section 1203.1 of the Penal Code provides for the terms and conditions which a court may impose in the granting of probation and prescribes the statutory limits upon the exercise of the trial court's discretion in connection therewith. Since the section does not expressly authorize the imposition of the particular condition under attack here we must assume that the court deemed it authorized under the omnibus clause 'and *other reasonable conditions,* as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from such breach and generally and specifically for the reformation and rehabilitation of the probationer * * *.' (Italics added.)" In Re Allen, 78 Cal Rptr at 207-08.

"It would appear utterly inconsistent to advise a defendant of his entitlement to the free service of counsel and later to exact repayment through the medium of a condition of probation. *Miranda* (p. 491 [16 L. Ed.2d p. 733]) made clear that where 'rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them.'" 71 Cal 2d at 391, 393.

*See also: Opinion of the Justices,* 109 NH 508, 256 A2d 500 (1969).

The majority opinion also refers to the recent United States Supreme Court case of *James v. Strange,* 407 US 128, 92 S Ct 2027, 32 L Ed 2d 600 (1972). A three-judge federal court had concluded[1] that a Kansas statute relating to recoupment from indigent defendants was unconstitutional because it found "it to be an impermissible burden upon the right to counsel established in *Gideon v. Wainwright.*"

The Supreme Court upon review did not reach that question. Instead, it first pointed out that

"[t]his case presents a constitutional challenge to a Kansas recoupment statute, whereby the State may recover *in subsequent civil proceedings* counsel and other legal defense fees expended for the benefit of indigent defendants. * * *" (Emphasis supplied.) 407 US at 128.

Then in a unanimous opinion it concluded that the statute was unconstitutional on the narrow ground, as the majority points out, that the Kansas statute denied a defendant equal protection because it also denied him exemptions from execution provided for other debtors. Nothing in the challenged statute here

---

[1] Strange v. James, 323 F Supp 1230 (1971), *aff'd* 407 US 128, 92 S Ct 2027, 32 L Ed 2d 600 (1972).

affords the defendant in a revocation proceeding to the exemptions provided debtors generally under Oregon law. Nothing in ORS 137.550, governing revocation proceedings, supports such a construction. Thus I am unable to distinguish the Oregon law (ORS 161.675(2)) from the Kansas statute held void in *James*. Accordingly, under *James v. Strange,* supra, I conclude that ORS 161.675(2), when read together with ORS 137.550, denies the defendant here the equal protection of the laws.

Furthermore, concerning the Sixth Amendment right to counsel, the court in *James v. Strange,* supra, stated:

"* * * Whether the statutory obligations for repayment impermissibly deter the exercise of this right is a question we need not reach, for we find the statute before us constitutionally infirm on other grounds." 407 US at 134.

In this connection, a crucial distinction, in my view, between our statute and the Kansas recoupment statute is that the latter is civil in nature. Here we are dealing with a statute which makes the recoupment right a part of the criminal procedure. ORS 161.275(2). Under this holding the court permits the recoupment obligation to be imposed in the judgment as a condition of probation, for violation of which a defendant may be incarcerated. In effect, therefore, it may reasonably be argued that it allows imprisonment for a debt owed to the state.

It must be remembered that in all cases of court-appointed counsel, at the time of sentence a defendant stands before the court as an indigent. Excerpts from the transcript of the sentencing procedure here are illustrative of how, with the best intentions, pressures

resulting from recoupment demands, when viewed from the standpoint of a defendant or his family, might indeed seem, and thus become, inhibiting.[2]

I agree that the term "costs" as used in ORS 161.665 includes items other than attorney fees. ORS

[2] Here the 25-year-old defendant's plea to third degree sodomy was entered following the filing of an information on waiver of indictment. The defendant had been furnished a court-appointed attorney after a finding by the court that he was indigent.

The transcript contains the following relating to the terms of probation:

"[THE COURT:] As a further condition the Court is going to require you to pay your attorney's fees to Mr. Harnish.

"Now, Mr. Harnish, as I understand you were Court appointed in this case. Is that right?

"MR. HARNISH: Yes, your Honor.

"THE COURT: I would think that the defendant and his family ought to be willing to pay the attorney's fees and the costs incurred.

"Were there any other costs incurred?

"MR. HARNISH: There was an investigator.

"THE COURT: That is the one that you employed?

"MR. HARNISH: Yes.

"THE COURT: How much money have you got involved in that?

"MR. HARNISH: $375.

"THE COURT: $375.

"I am just wondering, have you discussed this matter with Mr. Fuller, Sr., as to whether he would consider paying these expenses and have his son pay them back to him when he can afford it.

"MR. HARNISH: I have as to the investigator, and that is all.

"THE COURT: And has he indicated his willingness to do that?

"MR. HARNISH: Yes, your Honor.

"THE COURT: So the expenses would be the investigator's fee and the attorney's fee?

"MR. HARNISH: Yes.

"THE COURT: I want him, the defendant, Mr. Fuller, to pay the attorney's fees, too. I don't think the taxpayers of

161.665(2). For example, the law allows an indigent defendant in connection with a plea of insanity to employ at state expense a psychiatrist or psychologist. He is entitled in an appropriate case to the services of a handwriting or ballistics expert. The defendant may, as here, employ an investigator[9] upon a proper showing. He may subpoena witnesses, either lay or expert, when warranted, to testify at his trial. Under the court's holding here, if he loses he faces the prospect of finding himself not only heavily indebted to the state for having in good faith utilized

---

Multnomah County should be saddled with this responsibility where there are family resources.

"Is Mr. Fuller in the courtroom, Mr. Fuller, Sr.?

"MR. HARNISH: Yes, he is.

"THE COURT: Do you want to have a minute to talk with him and see if he is willing to advance these funds and have his son pay them back to him as his earnings would justify?

"MR. HARNISH: All right.

"THE COURT: You just take a minute.
          "(Pause.)

"MR. HARNISH: Your Honor, we have come to an agreement. He will reimburse me for my attorney's fees.

"THE COURT: All right.

"Then I assume any arrangement for paying back the attorney's fees can be made between Mr. Fuller and his son here. All right.

"And, then, the order ought to provide, Mr. Ashenfelter [deputy district attorney], that the defendant will pay for the cost of the investigator, which was $375, and pay his own attorney fees to Mr. Harnish."

Repayment of both by the defendant was then expressly included as conditions two and three in the judgment order. This also, after suspending sentence for five years, imposed as a condition of probation that defendant serve one year in the county jail.

[9] The judgment here also included an order requiring defendant as a condition of probation to pay Multnomah County $375 for investigator's expenses.

the adversary system to the best of his ability, but liable to imprisonment for his failure to pay, regardless of any exemptions to which he might otherwise be entitled, even though he has otherwise complied with the conditions of his probation. I believe that possibility could well inhibit a defendant, particularly in matters carrying a lesser penalty, from exercising to the full the rights guaranteed to him not only under the Sixth Amendment but also under concepts of fundamental fairness enshrined in the Fifth and Fourteenth Amendments. In my view it constitutes an invidious discrimination between the indigent defendant and the well-to-do defendant.

Accordingly, I respectfully dissent.