Argued December 17, 1975, reversed and remanded for resentencing January 19, reconsideration denied February 25, petition for review denied March 9, 1976

STATE OF OREGON, *Respondent,*

*v.*

LEROY M. HASTINGS, *Appellant.*

(No. 15-999, CA 4771)

544 P2d 590

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Upon trial by jury defendant was convicted of unauthorized use of a motor vehicle, ORS 164.135. The circuit court placed defendant on probation and as one of the conditions of probation, directed defendant to pay Washington County $378, $345 of this amount representing jurors' fees paid by the county and $33 representing state's witness fees. The only issue on appeal is whether the sentencing court had authority to order this payment.

The court in its discretion may require a convicted defendant to pay costs, ORS 161.665(1). ORS 161.665(2) specifically excludes the expenses of a jury trial as a cost which defendant may be required to pay.[1] As the state concedes, the portion of the circuit court's order covering jurors' fees cannot stand. *State v. Leathers,* 271 Or 236, 531 P2d 901 (1975).

The remaining $33 was the type of expense "specially incurred by the state in prosecuting the defendant," ORS 161.665(2), and is therefore properly assessable to defendant. This cost was incurred so the state could prove the indictment against the defendant in this particular case. Payment of witness fees in a particular case is not an expenditure made "irrespective of specific violations of law." ORS 161.665(2). *See, State v. Fuller,* 12 Or App 152, 157-58, 504 P2d 1393 (1973), *aff'd* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 462 (1974).

Reversed and remanded for resentencing.

---

[1] "Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law." ORS 161.665(2).