STATE OF OREGON, *Respondent,*
*v.*
RALPH WILTON MARINO, *Appellant.*
(No. 75-6025, CA 5978)
551 P2d 131

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

**FORT, J.**

Defendant pled guilty to a charge of false swearing, ORS 162.075. The trial judge suspended imposition of sentence for two years, placed defendant on probation for two years on condition that he secure employment within 60 days, and ordered him to pay costs to the state under ORS 161.665. Defendant raises two questions on appeal: (1) whether the prevailing party fee, ORS 20.070(2), is included among costs which a trial judge is authorized to assess under ORS 161.665, and (2) whether two years' probation is excessive punishment.

ORS 138.050 limits the issues which may be heard on direct appeal after a plea of guilty to questions arising from the excessiveness of the fine or sentence. In *State v. Olson,* 22 Or App 344, 539 P2d 166 (1975), this court held that assessment of costs was a part of the sentence and could be considered on appeal.

ORS 161.665(1, 2) provides as follows:

"(1) The court may require a convicted defendant to pay costs.

"(2) Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law."

The cost bill submitted by the prosecutor and approved by the trial judge included costs of court-appointed counsel for defendant, state's witness fees, and a prevailing party fee. Costs authorized by ORS 161.665 include those of court-appointed counsel, *State v. Fuller,* 12 Or App 152, 504 P2d 1393, Sup Ct *review denied* (1973), *aff'd* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974), and of state's witness fees, *State v. Hastings,* 24 Or App 123, 544 P2d 590, Sup Ct review denied (1976). Defendant accepts these costs and con-

tends only that the prevailing party fee is not authorized.

The costs allowed in ORS 20.070(2) as a "prevailing party fee" are an indemnity for attorney fees. ORS 20.010;[1] *Gleason v. Thornton,* 210 Or 666, 674, 313 P2d 776 (1957); *In re Will of Pittock,* 102 Or 159, 199, 199 P 633, 202 P 216, 17 ALR 218 (1921). No attorney fee for the state was specially incurred in prosecuting this defendant. ORS 161.665(2) forbids taxing a defendant for the costs of a jury trial or the expense of maintaining a government agency which must be made "irrespective of specific violations of law." Salaries of district attorneys are payments that must be made in maintaining a government office. *State v. Fuller, supra,* 12 Or App at 157. We hold that the statutory costs of ORS 20.070(2) are not taxable to a defendant under ORS 161.665.

The remaining assignment does not warrant discussion.

Reversed and remanded for resentencing.

---

[1] ORS 20.010:

"* * * [T]here may be allowed to the prevailing party in the judgment or decree certain sums by way of indemnity for his attorney fees in maintaining the action or suit, or defense thereto, which allowances are termed costs."