Argued and submitted July 28,
remanded with instructions September 8, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT D. WASHBURN,
*Appellant.*

## (No. 79-05042, CA 17565)

616 P2d 554

Francis W. Linklater, Eugene, argued the cause and filed the brief for appellant.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Defendant was convicted by a jury of driving under the influence of intoxicants. ORS 487.540. The judgment ordered him to pay a $300 fine, plus costs. The state filed a cost bill including a charge of $302.46, which was the amount of overtime pay for three sheriff's deputies who testified at trial. The overtime was paid because they appeared and testified during their off-duty hours. Defendant appeals the assessment of the overtime pay as costs.

The trial court may require a convicted defendant to pay costs. ORS 161.665. That statute provides:

"* * * * *

"(2) Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law."

■ Recovery of statutory witness fees is proper under ORS 161.665(2) because the expenditure was incurred specifically in the prosecution of defendant and was not incurred "irrespective of specific violations of law." *State v. Hastings,* 24 Or App 123, 125, 544 P2d 590, *rev den* (1976).

In *State v. Fuller,* 12 Or App 152, 504 P2d 1393, *rev den* (1973), *aff'd sub nom Fuller v. Oregon,* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974), we construed ORS 161.665 regarding costs assessable against a criminal defendant. We described the contours of allowable costs as follows:

"The state submits that the costs 'specially incurred' in prosecuting a defendant include the costs of providing a court-appointed counsel and the payment of investigator's expenses. These are, in fact, the principal expenses which the state 'specially' incurs in prosecuting an individual defendant. The statute specifically excludes a jury fee or the costs of

summoning jurors. In addition, most of the costs of the prosecution side of the case are excluded from consideration as costs. The 'costs of prosecution' specifically do not include district attorneys' salaries, sheriffs' salaries, jurors' fees, police investigators, etc. *See, Minutes,* Criminal Law Revision Commission Meeting, May 14, 1970, pp 27-30.\* \* \*" 12 Or App at 157.

■ The state argues that the overtime pay of the deputies was necessitated by the trial of defendant and is therefore "extraordinary witness fees" specially incurred to prosecute defendant. The overtime pay was part of the deputy sheriff's salary under their employment contract. The overtime is paid because they are working as deputy sheriffs outside their regular duty hours. Whether the salary is paid as overtime or regular duty pay it is still part of the salary of the deputy. Characterizing it as extraordinary witness fees does not alter the fact that it is salary of sheriff's deputies. As we said in *Fuller,* costs of prosecution do not include sheriffs' salaries. A defendant could not be required to pay a portion of the salary of a deputy sheriff who testified during his regular duty hours. A deputy, by testifying in court after his regular working day, is compensated as a deputy sheriff and not as a witness. We conclude that the overtime pay is not properly a cost that can be assessed against a convicted defendant under ORS 161.665.

The judgment of conviction is affirmed and the case is remanded for entry of a judgment which excludes the costs of the deputy sheriffs' overtime pay.

Remanded with instructions.

**THORNTON, J.,** dissenting.

I dissent. A close reading of ORS 161.665 convinces me that the trial judge was correct and that the majority's construction is in error.

Overtime pay for the three deputy sheriffs who testified at defendant's trial was part and parcel

of the "expenses specially incurred by the state in prosecuting the defendant." ORS 161.665. Continuing our analysis with the next sentence of this same section, the challenged overtime expenses are not "inherent in providing a constitutionally guaranteed jury trial," nor "expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law." Clearly, the extra expenses in issue do not come within the last mentioned exceptions.

The majority relies on the fact that the overtime pay was based on a collective bargaining agreement. This, I submit, is beside the point. This expenditure was the direct result of the trial, not the collective bargaining agreement. The collective bargaining agreement was at most only the indirect cause of the extra expense. The fact remains that Lane County had to pay overtime to these three deputies. It was a part of the "expenses specially incurred by the state in prosecuting the defendant." As the Oregon Supreme Court declared in *State v. Young,* 74 Or 399, 145 P 647 (1915), an unambiguous statute should not be interpreted but should be enforced according to its clear language. *Accord: Whitney v. Morgan,* 9 Or App 289, 497 P2d 865 (1972).