Argued and submitted May 13, remanded for
resentencing September 8, respondent's and appellant's
reconsiderations denied October 15,
petitions for review denied November 17, 1981 (292 Or 108)

## STATE OF OREGON,
*Respondent,*

*v.*

## ARTHUR POWELL HAYNES,
*Appellant.*

### (No. 27540, CA 19262)

633 P2d 38

J. Marvin Kuhn, Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief was
Gary D. Babcock, Public Defender, Salem.

James M. Mountain, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and David L. Hennings, Certified Law Student, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

### ROBERTS, J.

Defendant appeals from his conviction for kidnapping in the second degree. He assigns as errors the denial of his motion for judgment of acquittal, the imposition of costs and the requirement that he pay a probationary fee during the course of his probation. We consider only the issues of costs and the probationary fee.[1]

In March, 1980, defendant took the victim, a ten-year old girl who is his second cousin, from her school ground and transported her to California. The girl remained with defendant for approximately one month before he was arrested and she was returned to her family in Oregon. The police were fairly certain that the girl was with defendant; thus the investigation of the crime consisted primarily of searching for defendant and the girl.

Defendant specifically challenges the following portions of the court's judgment order:

"8.   That defendant shall repay Polk County, Oregon, through the Clerk of the Court for out of pocket expenses incurred by Polk County in connection with the investigation, trial, and return of defendant's victim in the amount of $5,678.75, said payments to be made in installments of not less than $120.00 per month, said payments to begin within sixty days of the defendant's release from the Polk County Jail and to be paid to the Clerk of the Court on the 1st day of each and every month.

"9.   That the defendant shall pay a $10.00 per month probationary fee, the first of said payments to be made to the Clerk of the Court on the 1st day of the month after his release from the Polk County jail and a like sum on the first day of each and every month thereafter until the defendant's probation shall be terminated."

The amount set in condition number 8 is the total of 20 different items. Defendant contends that he should be required to pay for only two items, the cost of certain motel bills for witnesses at the trial and the county's out-of-pocket cost of returning the girl to Oregon. He argues that all of the other costs were expended for investigation, and he is therefore not required to pay them. The other costs are:

---

[1] Defendant's assignment of error on the denial of his motion for judgment of acquittal is without merit.

1.  Motel bills for the officers in California on the investigation. $528.54

2.  Meals for investigating officers. $86.60

3.  Gasoline for police vehicles. $183.98

4.  Airplane rental and fuel for plane used in search. $1,153.58

5.  Fuel for deputies' private planes used in search. $117.30

6.  Air map and flight organizer for planes used in search. $14.04

7.  Cost of psychiatric examination of Vickie Smith. $150.00

8.  Cost of physical examination of Vickie Smith. $64.00

9.  Posters prepared and distributed over West Coast. $98.00

10.  *Per diem* for officers while in California. $672.00

11.  Tapes for recording defendant's statement. $29.88

12.  Debriefing of officers for follow-up investigation. $71.02

13.  Photos of Vickie and defendant's truck. $258.20

14.  Clerical help for transcribing witness interviews. $162

15.  Long distance calls to and from Sheriff's Office. $550

16.  Telephone taps on defendant's relatives in Mill City and costs of officers who stayed there. $147.31

17.  Cost of returning defendant's vehicle to Oregon. $561.90

18.  City of Dallas. Reasons for costs unknown. $154.41

ORS 161.665 provides in pertinent part:

"(1)  The court may require a convicted defendant to pay costs.

"(2)  Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law."

We have specifically stated in *State v. Fuller,* 12 Or App 152, 157, 504 P2d 1393, *rev den* (1973), *aff'd sub nom Fuller*

*v. Oregon,* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974), that costs of police investigations are not part of costs of prosecution. We interpret the language "[c]osts shall be limited to expenses specially incurred by the state in *prosecuting* the defendant" (emphasis added) to be those costs incurred by the state *after* the defendant has been charged with a crime. The prosecution does not begin until there is a named defendant who has been charged. In this case, even though the officers were fairly certain of whom they were looking for, defendant had not been charged at the time some of these costs were incurred. It is true the officers knew a crime had been committed, and defendant was the suspect; thus, the search for defendant and the girl was a part of the investigation. However, none of the expenses incurred prior to the actual charging of defendant are costs that defendant can be required to pay.

■    The state's brief indicates that items 1, 2, 3, 10, 12, 15 and 17 were costs incurred after defendant had been taken into custody. Some of the other items, the state argues, were incurred in the prosecution of defendant, because they were costs related to the trial. Those are items 7, 8, 11, 13 and 14. It appears from this record that those were in fact expenditures for trial. The remaining items 4, 5, 6, 9 and 16 appear to be for police investigation. Because some items were erroneously included, we remand for re-sentencing. At that time it will be the responsibility of the state to demonstrate what costs were incurred after defendant was charged so that the trial court can segregate the cost items that may properly be included. We note that item 18 has no explanation, and we find nothing in the transcript to identify it; that item must either be deleted or be shown to be related to the prosecution if it is to be included as costs.

■    As to the requirement that defendant pay a $10 per month probation fee, we find it was not within the authority of the court to impose such a condition. ORS 137.540(1) provides:

> "The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:
> "(a)    Avoid injurious or vicious habits.

"(b)   Avoid places or persons of disreputable or harmful character.

"(c)   Report to the probation officer as directed by the court or probation officer.

"(d)   Permit the probation officer to visit him at his place of abode or elsewhere.

"(e)   Answer all reasonable inquiries of the probation officer.

"(f)   Work faithfully at suitable employment.

"(g)   Remain within a specified area.

"(h)   Pay his fine, if any, in one or several sums.

"(i)   Be confined to the county jail for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser.

"(j)   Make restitution to the victim as provided in ORS 137.106.

"(k)   Support his dependents."

Although the statute allows the court to set conditions of probation other than those listed, we conclude that any additional conditions should be of the same kind as those specifically enumerated in the statute. *State v. Tucker,* 28 Or App 29, 32, 558 P2d 1244 (1977). The court may require the payment of money for fines and for restitution, both of which are expressly provided for in the statute, but the requirement that defendant pay a monthly probation fee is not a valid probation condition of the same kind as those specifically enumerated.

Remanded for resentencing.