Argued and submitted August 2, affirmed December 22, 1982, reconsideration denied January 14, petition for review denied February 1, 1983 (294 Or 491)

STATE OF OREGON,
*Respondent,*

*v.*

ARTHUR POWELL HAYNES,
*Appellant.*

(No. 27540, CA A24441)

655 P2d 621

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

William F. Gary, Solicitor General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Richard David Wasserman, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from an order of the trial court imposing costs in the amount of $3,866.60. The sole question raised on appeal is whether defendant can be required to pay costs incurred by the state following the filing of a felony information against him in district court. We affirm.

This case is before us for the second time. The first time, *State v. Haynes,* 53 Or App 850, 633 P2d 38, *rev den* 292 Or 108 (1981), we interpreted the language of ORS 161.665 providing that "[c]osts shall be limited to expenses specially incurred by the state in prosecuting the defendant" to allow imposition of restitution for only those costs incurred *"after* the defendant has been charged with a crime." (Emphasis in original.) We also stated:

> "* * * The prosecution does not begin until there is a named defendant who has been charged. In this case, even though the officers were fairly certain of whom they were looking for, defendant had not been charged at the time some of these costs were incurred. It is true the officers knew a crime had been committed, and defendant was the suspect; thus, the search for defendant and the girl was part of the investigation. However, none of the expenses incurred prior to the actual charging of defendant are costs that defendant can be required to pay." 53 Or App at 854.

Because it appeared to us in the first appeal that particular items imposed as costs might have been incurred before defendant was formally charged with an offense, we remanded the case for resentencing.

At the resentencing hearing, the evidence was undisputed. Defendant was initially charged in district court by a district attorney's information for kidnapping in the second degree on March 28, 1980, the day the crime occurred. He was arrested in California on April 25, 1980, and subsequently extradited to Oregon. He was arraigned in the district court on May 2, 1980, at which time he requested a preliminary hearing. However, the state obtained a grand jury indictment for the same offense underlying the felony information, dismissed the information in the district court and proceeded on the indictment.

Defendant argues that he should not be required to repay any expenses incurred by the state before he was taken into custody and formally arraigned in the district court. Although he was initially charged by information, he contends that the filing of an information in district court is an informal charge that does not materialize into a formal charge and trigger application of ORS 161.665 until a defendant is arraigned.

A criminal action is commenced by an accusatory instrument, which may be a grand jury indictment, an information or a complaint. ORS 131.005(1). Here the action against defendant originated in district court with the filing of a district attorney's information charging defendant with the commission of a felony. That instrument initiated the action against defendant, although it could not serve as a basis for the prosecution of that offense. ORS 131.005(9)(b). Rather, because defendant was charged with the commission of a felony, which only the circuit court has jurisdiction to hear, ORS 131.005(9)(c), it was necessary for a new accusatory instrument to be filed in circuit court to charge the felony offense. Once that instrument was filed (the grand jury indictment), the information in the district court was dismissed. Notwithstanding the ultimate disposition, however, the filing of the district attorney's information on March 28 commenced the formal prosecution of defendant: a named defendant was charged with a particular crime. Expenses incurred by the state following that formal charge may properly be imposed against defendant. Because the costs defendant was ordered to repay were incurred after the date the information was filed against him, we affirm the order of the trial court.[1]

Affirmed.

---

[1] The costs imposed at the resentencing hearing included items 1 through 17 listed in State v. Haynes, supra, 53 Or App at 853. That amount was reduced by $42, reflecting a previous payment made by defendant and further discounted by 30 percent to allow for defendant's 30 percent physical disability.