Argued and submitted February 28, order of restitution vacated, remanded for
resentencing August 7, 1985

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL G. HESTON,
*Appellant.*

(82-0486, 82-0491; CA A32135, A32136)
(Cases consolidated)

704 P2d 541

Bruce A. Bass, Hillsboro, argued the cause for appellant. With him on the brief was Michael M. Watkins, Hillsboro.

Linda J. DeVries, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The issue in this case is whether certain expenses incurred by the state Department of Veterans' Affairs (DVA) are costs that the court may order defendant to pay under ORS 161.665(1):

> "The court may require a convicted defendant to pay as costs those expenses *specially incurred by the state in prosecuting the defendant.* Costs include the compensation of counsel appointed pursuant to ORS 135.045 or 135.050 and expenses approved under ORS 135.055(5). Costs shall not include expenses inherent in providing a constitutionally guaranteed jury trial or *expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law.*" (Emphasis supplied.)

We remand for resentencing.

Defendant was charged with committing several crimes arising out of his falsifying documents for veterans seeking to obtain loans from DVA. The investigation of defendant was initially conducted by DVA. Later, but before the time defendant was charged with any crime, DVA turned the investigation over to the Department of Justice. The Department billed DVA $23,550 for its services designated as preindictment expenses and attorney costs and $8,400 for post-indictment expenses and attorney costs. Defendant pled guilty to three charges. The court, as a condition of probation, required defendant to pay $12,000 as costs to DVA. The court subsequently modified the judgment to require that defendant pay only the post-indictment costs. *See State v. Haynes,* 53 Or App 850, 633 P2d 38, *rev den* 292 Or 108 (1981). That figure, $8,400, included $5,082 for "investigators' expenses" and $3,318 for "attorney costs." The record contains no further elaboration.

Defendant makes essentially two arguments. He first contends that the state did not establish that the expenses incurred by DVA were "specially incurred" in prosecuting him, because there was no explanation of the nature of the expenses. Second, he argues that investigators and attorneys in the Department of Justice are salaried employes of the state irrespective of any particular violation of the law and that

their salaries paid through the billing to DVA are excluded under ORS 161.665(1).

The state responds that, regardless of the precise nature of the expenses, they were specially incurred by DVA because it is not in the business of investigating and prosecuting crimes. The expenses, the state argues, are not the kind of expenditure necessary for DVA to carry out its primary function. The money DVA paid to the Department came from DVA's general fund and, the state argues, but for the prosecution of defendant, DVA would not have incurred the charges.

In a number of cases we have delineated the types of expenses that are recoverable as costs under ORS 161.655. In *State v. Haynes, supra,* we held that costs are limited to those incurred by the state after a defendant has been charged with a crime. *See also State v. Haynes,* 61 Or App 43, 655 P2d 621 (1982), *rev den* 294 Or 491 (1983). Assessable costs include witness fees paid to witnesses called by the state, *State v. Hastings,* 24 Or App 123, 544 P2d 590, *rev den* (1976), and court appointed attorney fees and investigation fees paid on behalf of a defendant. *State v. Fuller,* 12 Or App 152, 157-58, 504 P2d 1393, *rev den* (1973), *aff'd sub nom Fuller v. Oregon,* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974). Although a defendant can be assessed costs specially incurred by the state in the prosecution, those costs cannot include prosecutors', police officers' or sheriffs' salaries, juror fees and costs of police investigations. *State v. Fuller, supra; State v. Washburn,* 48 Or App 157, 616 P2d 554 (1982).

Although we noted in *State v. Fuller, supra,* that expenses of police investigations are not recoverable as costs, we allowed certain expenses related to police activities to be assessed in *State v. Haynes,* 61 Or App 43, 655 P2d 621 (1982). Of course, the regular salaries of law enforcement officers involved in an investigation and the ordinary overhead expenses of maintaining a police agency are not recoverable, principally because they are incurred irrespective of specific violations of law. ORS 161.665(1). The investigative expenditures in *Haynes* were incurred by Oregon law enforcement officers in searching for the defendant and the kidnap victim in California and in returning them to Oregon.

The statutory limitation on recoverable costs would apply whether the costs are incurred by a local police agency,

local prosecutor or the Department of Justice. The labelling of the cost item is not necessarily determinative if it can be traced as a direct reimbursement of the state for expenses not otherwise recoverable. In *State v. Marino,* 25 Or App 817, 551 P2d 131 (1976), we held that the prevailing party fee provided under former ORS 20.070(2) could not be recovered from the defendant.

> "The costs allowed in ORS 20.070(2) as a 'prevailing fee' are an indemnity for attorney fees. * * * No attorney fee for the state was specially incurred in prosecuting this defendant. ORS 161.665(2) forbids taxing a defendant for the costs of a jury trial or the expense of maintaining a government agency which must be made 'irrespective of specific violations of law.' Salaries of district attorneys are payments that must be made in maintaining a government office. * * * We hold that the statutory costs of ORS 20.070(2) are not taxable to a defendant under ORS 161.665." 25 Or App at 820. (Citations and footnotes omitted.)

■■ If the amounts listed in the billing from the Department of Justice to DVA represent expenses that would not be recoverable by the Department of Justice, they are not made recoverable by billing them to another government agency. They do not lose their character as reimbursement for salaries and operating expenses to maintain one governmental agency because they are paid by another. The record does not show the precise nature of the expenses billed to DVA, and it is impossible to decide if they are recoverable. We remand for the trial court to determine if the amounts claimed as attorney costs are, in essence, reimbursement for salaries and expenses of the Department of Justice and whether any of the expenses listed as investigation expenses were specially incurred, as distinct from being only employe salaries and operational overhead.

Order of restitution vacated; remanded for resentencing.