Submitted January 31, reversed October 10, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY EDWARD KUEHNER,
*Defendant-Appellant.*

Jackson County Circuit Court
071414FE; A145332

288 P3d 578

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment awarding the state prosecution costs under ORS 161.665(1). He assigns error to the imposition of $7,808.34 in prosecution costs comprising overtime salary paid to police officers, arguing that police overtime expenditures are not a recoverable item of cost under the statute. We agree with defendant and, accordingly, reverse.

The relevant facts are not in dispute. Defendant was arrested and indicted on charges of kidnapping, rape, sexual abuse, and resisting arrest. He posted bail on the charges and was released pending trial. He thereafter armed himself with a knife, returned to his previous victim's apartment, forced entry, and, over the course of one and one-half hours, sexually assaulted the victim, threatened to kill her, and threatened to kill himself. Defendant released the victim before the police arrived to arrest him, but he remained barricaded in the apartment, threatening to kill himself. The standoff ended when defendant attempted to make good on his threat, stabbed himself in the neck, and was taken to a hospital for emergency surgery.

Defendant spent approximately one week in the hospital recovering from his injuries. To secure defendant during his stay, the Medford Police Department posted police officers outside defendant's room throughout his hospitalization. The City of Medford determined the cost to provide police security for defendant to be $12,643.18, of which $7,808.34 represented overtime pay for the officers who guarded defendant.

The state filed an amended indictment that added charges against defendant for the crimes committed during the second criminal episode. Defendant ultimately pleaded guilty to one count each of rape, kidnapping, and burglary, and the court entered a judgment convicting him of those crimes. In the interim, the state filed a motion seeking both restitution and prosecution costs. As relevant here, it sought to recover under ORS 161.665(1) the $7,808.34 in overtime salary paid to Medford police officers to guard defendant, which the state characterized as "budget-unforeseeable special expenses."

ORS 161.665(1) provides that, in entering a judgment of conviction, a court

"may include in its sentence thereunder a money award for all costs specially incurred by the state in prosecuting the defendant. Costs include [a reasonable fee for appointed defense counsel, and fees and expenses incurred while providing a defense.] *** Costs do not include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law."

The state argued that the Medford Police Department would not have incurred the expenses of guarding defendant had he not engaged in the second criminal episode, that those expenses were incurred as prosecution costs because they were necessary in order to bring defendant safely to trial, and, accordingly, that ORS 161.665(1) allowed the state to recover those expenses as prosecution costs. Because ORS 161.665(1) specifically excludes expenditures that the public must make for the maintenance and operation of government agencies, the state acknowledged that the statute generally precludes recovery of the salary paid to government employees involved in prosecuting people accused of crimes, including most overtime pay. The state argued, however, that the overtime salary paid to police officers to guard defendant was unforeseeable and unbudgeted by the Medford Police Department; therefore, it was not the type of expenditure incurred "irrespective" of a defendant's criminal conduct, which the statute excludes from recovery. The trial court concluded that the expenses were not excluded from recovery because the specific overtime payments were the direct result of defendant's conduct and would not otherwise have been incurred. Accordingly, the court entered a judgment imposing $7,808.34 in prosecution costs against defendant.

On appeal, defendant argues that the trial court erred because salary-related payments to police officers are categorically excluded from recovery under ORS 161.665(1). Relying primarily on *State v. Washburn*, 48 Or App 157, 616 P2d 554 (1980), he contends that the exclusion applies to all salary-related expenses, whether they reflect regular

pay, overtime pay, or unbudgeted overtime pay. In response, the state argues that, while salary-related expenses comprising regular pay and most overtime pay are excluded as recoverable prosecution costs, a distinction exists between routine salary-related expenses on the one hand, and unforeseeable, unbudgeted, and recoverable overtime expenses on the other. Here, although the overtime pay was an expense incurred in the operation of the Medford Police Department by police officers performing their duties as police officers, the state contends that it was nevertheless an expense that would not have been incurred but for defendant's conduct. We agree with defendant.

We begin our analysis with a basic point on which the parties and our prior case law agree: the salaries of government employees involved in the prosecution of a defendant may not be recovered as costs under ORS 161.665(1). *See, e.g., State v. Wilson,* 193 Or App 506, 510, 92 P3d 729 (2004) (noting rule). Our understanding on this point is rooted both in the text of the statute and its legislative history. By its terms, the statute excludes from recovery any public expenditure to maintain the operations of a government agency. As a class, salary payments lie at the heart of those excluded expenditures: if the public were to cease making salary payments to agency employees, agency operations would rapidly grind to a halt. *See State v. Marino,* 25 Or App 817, 820, 551 P2d 131 (1976) ("Salaries of district attorneys are payments that must be made in maintaining a government office."). Thus, the Criminal Law Revision Commission, which drafted what would become ORS 161.665(1), specifically identified salaries as expenses excluded from the statute's scope. Asked what sort of expenditures could not be recovered as prosecution costs, the project director replied that "district attorneys' salaries, sheriffs' salaries, jurors' fees, police investigations, etc." would be excluded from recovery as costs. Minutes, Criminal Law Revision Commission, May 14, 1970, 28.

We have also recognized that ORS 161.665(1) excludes regular and overtime salary payments alike. In *Washburn,* we rejected the state's attempt to recover as prosecution costs overtime expenses incurred when sheriff's deputies testified against the defendant during their off-duty

hours. 48 Or App at 159. The state sought to characterize the overtime expenses as "extraordinary witness fees" rather than salary payments. *Id.* at 160. We rejected the state's characterization. Beginning, as we do here, with the proposition that "costs of prosecution do not include sheriffs' salaries," we concluded that a "deputy, by testifying in court after his regular working day, is compensated as a deputy sheriff and not as a witness." *Id.* In doing so, we declined to distinguish between regular and overtime pay, finding both to be excluded under the statute: "Whether the salary is paid as overtime or regular duty pay it is still part of the salary of the deputy. * * * We conclude that the overtime pay is not properly a cost that can be assessed against a convicted defendant under ORS 161.665." *Id.*

The parties dispute the import of *Washburn.* Pointing to our unqualified holding, defendant contends that, under *Washburn*, the state cannot recover any costs comprising overtime salary payments. The state responds that *Washburn* concerns only overtime payments that are ordinary or expected and says nothing about whether unforeseeable, unbudgeted overtime expenses are recoverable. The state argues that when, as here, unforeseeable and unbudgeted expenses are incurred, the question is solely whether those expenses were "specially incurred" for purposes of ORS 161.665(1). In essence, the state argues that the overtime expenses at issue here were extraordinary because they were unforeseeable and unbudgeted; that those extraordinary expenses were "specially incurred" because they were a direct result of defendant's conduct; and that, because the expenses were "specially incurred," they are not excluded from recovery as expenditures to operate a government agency irrespective of defendant's conduct.

We are unconvinced by the state's attempt to distinguish *Washburn.* Our holding in *Washburn* rested squarely on whether the contested costs were salary payments, not on whether the payments were "specially incurred." 48 Or App at 160. The state's approach conflicts with that holding. To illustrate, applying the state's approach to the facts in *Washburn*, the contested salary expenses could have been characterized as extraordinary, because

they represented salary expenditures above the regular payroll of the sheriff's department; they were "specially incurred," because, but for the defendant's identifiable criminal conduct, the sheriff's deputies would not have been called to testify at his trial; and, therefore, under the state's analysis, they should have been recoverable, because they would not have been paid irrespective of the defendant's criminal conduct.

That illustration reveals the basic problem with the state's approach. A large portion of the daily work that police officers—or other government employees involved in the investigation and prosecution of crime—perform is in direct response to specific, identifiable violations of the law. At the same time, however, that work must be performed in order to maintain the basic operation of law enforcement agencies: as articulated in the Medford Police Department's mission statement, for example, "[t]o strive for an urban society, free from crime and disorder," and to "enforce the law in a fair and impartial manner[.]" A salary expense does not fall out of the latter category simply because it may also be characterized as fitting within the former. The public either must make an expenditure in order to maintain and operate a government agency, or not. Salary expenditures, as a class, are of the type that must be made to maintain the operation of a government agency. *See Marino*, 25 Or App at 820.

Nevertheless, the state implies that a viable distinction lies in the extraordinary, unforeseeable, and unbudgeted nature of the contested expenses here. We fail to see how the unforeseeable nature of an expense affects the analysis and conclude that no such workable distinction exists. Even if extraordinary, unforeseeable, and unbudgeted, the salary payments to the officers in guarding defendant were required to maintain the operations of the Medford Police Department. Accordingly, the expenses are excluded from recovery under ORS 161.665(1).

In light of the foregoing, we conclude that ORS 161.665(1) does not permit the state to recover regular or overtime pay expenditures to its employees as costs of prosecution. Salary-related payments—whether for regular, overtime, or unbudgeted overtime work—are excluded from

the scope of ORS 161.665(1) as expenditures in connection with the maintenance and operation of government agencies. Our holding is consistent with the analytical approach we adopted in *Washburn*, as well as the remainder of our case law interpreting ORS 161.665.[1]

Accordingly, because the $7,808.34 in prosecution costs awarded against defendant is composed of salary paid to Medford police officers, the trial court erred in making that award.

Reversed.

---

[1] We note that the issue was not presented in *State v. Haynes*, 53 Or App 850, 633 P2d 38, *rev den*, 292 Or 108 (1981), relied upon by the state below. There, we concluded that the state could not recover costs incurred before the defendant had been charged with a crime, and we remanded the case to determine which of various expenses met that criterion. On remand, the state established that all of the expenses had been incurred after the defendant had been charged with a crime. *State v. Haynes*, 61 Or App 43, 655 P2d 621 (1982), *rev den*, 294 Or 491 (1983). Accordingly, we affirmed the trial court's imposition of prosecution costs; we did not address whether any of those costs were salary related. *Id.*