Argued and submitted November 12, 1981, reversed
amd remanded for resentencing May 26, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# JUBAL LEE ROWTON,
*Appellant.*

## (No. 27303, CA A21439)

645 P2d 551

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

James E. Mountain, Jr., Deputy Solicitor General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Roberts, Judge Pro Tempore.

JOSEPH, C. J.

## JOSEPH, C. J.

The issue in this case is whether a trial court may require a defendant to pay, as a condition of probation, the cost of court-appointed counsel on appeal.

Defendant was convicted for driving while suspended. ORS 487.560. Imposition of sentence was suspended, and he was placed on probation for a period of three years. Among the conditions of probation were that he pay $540.90 for the cost of his court-appointed trial counsel, a $300 fine and a monthly $10 probationary fee. Defendant appealed, contending that the court had made no determination as to his ability to make the payments and had improperly delegated to a probation officer the authority to schedule the payments. The state confessed error, and the case was reversed and remanded for resentencing. *State v. Rowton,* 50 Or App 657, 623 P2d 1141 (1981).

On remand, the court found that defendant was able to pay the fine and costs and fixed a payment schedule. The order continued the same probation conditions as before but added to the amount to be paid the sum of $240.48 for the Public Defender's representation on appeal.[1] Defendant argues, in essence, that by virtue of his successful appeal his sentence was made more severe — that is, he was required to pay the costs of counsel on appeal in addition to the amounts originally imposed. *See State v. Miller,* 44 Or App 625, 606 P2d 689 (1980); *State v. Stockman,* 43 Or App 235, 242, 603 P2d 363 (1979); *State v. Olson,* 22 Or App 344, 539 P2d 166 (1975); *State v. Turner,* 247 Or 301, 313-15, 429 P2d 565 (1967). That is not the appropriate issue.

The state argues that, because the payment of costs under ORS 161.665 may be made a condition of probation, ORS 161.675(2),[2] and because the court may at any time

---

[1] At the hearing on resentencing the judge also said that defendant would be required to pay $63 for the cost of his appointed counsel at that hearing. However, the amended sentencing order added to the previously imposed restitution only the expense of furnishing the services of the Public Defender, and that is the only question we deal with here.

[2] ORS 161.675(2):

"(2) When a defendant sentenced to pay a fine or costs or ordered to make restitution is also placed on probation or imposition or execution of sentence is

modify the conditions of probation, ORS 137.540, the court was authorized to do what it did here. That is not the issue either, for the exercise of that authority still depends on whether a defendant has any liability for repaying the cost of appellate counsel in any event.

■ We find no authority for a court to order a defendant to pay the cost of court-appointed appellate counsel. ORS 135.055 authorizes a trial court to order a person to reimburse the county, to the extent that he is able, for the cost of court-appointed *trial* counsel. ORS 138.500 provides that the Court of Appeals or the Supreme Court may determine and allow *compensation* for court-appointed *appellate* counsel. There is no language in those statutes or any others authorizing *any* court to assess the cost of appellate counsel against a defendant.

■ Defendant also argues that the court was without authority to impose the monthly $10 probationary fee. He is correct. *State v. Haynes,* 53 Or App 850, 633 P2d 38, *rev den* 292 Or 108 (1981).[3]

Reversed and remanded for resentencing.

---

suspended, the court may make payment of the fine or costs or the making of restitution a condition of probation or suspension of sentence."

[3] Subsequent to the proceedings in this case, the legislature enacted ORS 423.570 which *requires* a probationer to pay a monthly probationary fee to offset the costs of supervision. On remand the court is authorized to impose a fee of not less than $10. ORS 423.570(2).