Argued and submitted March 2, affirmed as modified May 9, 1984

In the Matter of Stephanie Ann Chapter, a Child.

## STATE ex rel JUVENILE DEPARTMENT OF POLK COUNTY,
*Respondent,*

*v.*

## CHAPTER,
*Appellant.*

(J-3566; CA A28592)

681 P2d 1171

Susan M. Garrett, Salem, argued the cause and filed the brief for appellant.

Roy E. Pulvers, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Christine Dickey, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

In this juvenile court proceeding, the court found that the child had committed second degree theft and was a runaway. She was committed to the custody of Children's Services Division (CSD) for placement in Rosemont and ordered to pay $788 for the cost of court-appointed counsel. She appeals both the custody and the cost portions of the award. We affirm the custody order and modify the order to delete the assessment of costs.

■    In her first assignment of error, the child contends that no statute empowers the court to order a child to repay court-appointed counsel costs in a juvenile proceeding. The state argues that statutory authority is found in ORS 419.498(2)(c) and ORS 135.055(6). ORS 419.498(2) provides:

"(a)   If the child, the parent or guardian requests counsel but is without sufficient financial means to employ suitable counsel possessing skills and experience commensurate with the nature of the petition and the complexity of the case, the court shall appoint suitable counsel to represent the child. The court may appoint suitable counsel to represent the child in any case. Counsel appointed by the court shall be paid compensation determined, as provided in ORS 135.055, by the court.

"(b)   Where the court appoints counsel to represent the child, it may require the parent, if able, or guardian of the estate, if the estate is able, to pay compensation for counsel and reasonable expenses of investigation, preparation and presentation. The test of the parent's or estate's ability to pay such compensation and expenses shall be the same test as applied to appointment of counsel for defendants under ORS 135.050. The court's order of payment shall be enforceable in the same manner as an order of support under ORS 419.515.

"(c)   Where *the court appoints counsel and the child, parent or guardian is without sufficient financial means to employ counsel, the compensation for counsel and reasonable expenses of investigation, preparation and presentation paid or incurred shall be allowed and paid as provided in ORS 135.055.*" (Emphasis supplied.)

Thus the statute clearly provides that parents may be required to pay the compensation and expenses. The state argues that the child may also be assessed those costs, because the

cross-reference in subsection (c) to ORS 135.055 incorporates ORS 135.055(6), which provides:

"Upon completion of all services by the counsel appointed pursuant to ORS 135.045 or 135.050, the court shall determine whether the person for whom counsel was appointed is able to pay a portion of the compensation and expenses paid by a county or the state. In determining whether the person is able to pay such portion, the court shall take into account the other financial obligations of the person, including any fine or order to make restitution. In addition to any agreement to repay under ORS 135.050(4), if the court determines that the person is able to pay such portion, the court may order the person to pay the portion to the appropriate officer of the county or state."

ORS 135.045 and 135.050 referred to in ORS 135.055 concern court-appointed counsel for criminal defendants. The child, who is within the jurisdiction of the juvenile court, is not a "criminal defendant." ORS 419.543.

The state suggests no other source, statutory or otherwise, of the authority it alleges, and we are aware of none. We must determine, therefore, whether the language in ORS 419.498(2)(c), "compensation for counsel * * * shall be allowed and paid as provided in ORS 135.055" was intended to render a juvenile subject to assessment for payment of court-appointed counsel costs in a juvenile proceeding. We conclude that it was not.

Contrary to the state's assertion, we conclude that the phrase "paid as provided in ORS 135.055" in ORS 419.498(2)(c) is ambiguous. It could refer simply to payment to counsel by a particular governmental body, or it could include the post-proceeding redetermination of the represented person's ability to pay "a portion of the compensation and expenses paid by a county or the state." In construing the phrase, we look to the Act by which it was made law. ORS 419.498(2)(c) and 135.055(6) were both enacted by Oregon Laws 1979, chapter 867. That Act was a comprehensive amendment of various statutes relating to court-appointed counsel for indigents. Section 1 amended ORS 135.055, which relates to court-appointed counsel for criminal defendants. The section established hourly rates of compensation for such court-appointed counsel, provided that the county in which the proceeding is had would be ordered to pay counsel and

added subsection (6).[1] Other sections amended other statutes providing for court-appointed counsel, adding cross-references to ORS 135.055. For example, ORS 138.590, relating to court-appointed counsel in petitions for post-conviction relief, was amended to provide in part:

"(5)    * * * At the conclusion of proceedings on a petition pursuant to ORS 138.510 to 138.680, the circuit court shall determine and allow, as provided in ORS 135.055, the amount of expenses of petitioner and compensation for the services of

---

[1] As amended in 1979, ORS 135.055 provided in its entirety:

"(1) Counsel appointed pursuant to ORS 135.045 or 135.050, if other than counsel provided pursuant to ORS 151.010, shall, by order of the court and subject to the approval of the governing body of the county, be paid fair compensation for representation in the case by the county in which the proceeding is had.

"(2) Subject to subsection (3) of this section, compensation payable to appointed counsel under subsection (1) of this section shall not be less than $30 per hour.

"(3) The total compensation payable to appointed counsel under subsection (1) of this section shall be subject to the review of the presiding judge of the court, or if there is no presiding judge, the judge of the court. The presiding judge, or judge of the court, shall certify that such payment is fair compensation for representation in the case.

"(4) The person for whom counsel has been appointed is entitled to reasonable expenses for investigation, preparation and presentation of the case. The person or the counsel for the person may upon cause shown, which need not be disclosed to the district attorney prior to any hearing, secure approval and authorization of payment of such expenses as the court finds are necessary and proper in the investigation, preparation and presentation of the case, including but not limited to travel, telephone calls, photocopying or other reproduction of documents and expert witness fees.

"(5)· Upon completion of all services by the counsel appointed pursuant to ORS 135.045 or 135.050, the counsel shall submit to the court an affidavit containing an accurate statement of all reasonable expenses of investigation, preparation and presentation paid or incurred, supported by appropriate receipts or vouchers. The court shall thereupon enter an order directing the county in which the proceeding is had to pay the counsel the amount of the expenses approved by the court.

"(6) Upon completion of all services by the counsel appointed pursuant to ORS 135.045 or 135.050, the court shall determine whether the person for whom counsel was appointed is able to pay a portion of the compensation and expenses paid by a county. In determining whether the person is able to pay such portion, the court shall take into account the other financial obligations of the person, including any fine or order to make restitution. If the court determines that the person is able to pay such portion, the court may order the person to pay the portion to the appropriate officer of the county."

The statute was amended by Or Laws 1981 (Special Session), ch 3, §§ 122, 123, and now provides payment to be made by the state, rather than the county, in certain cases.

appointed counsel in the proceedings in the circuit court. The expenses and compensation determined by the circuit court shall be certified to and shall be ordered to be paid by the county in which petitioner's conviction and sentence were rendered and shall be paid by such county." Or Laws 1979, ch 867, § 4.

Similarly, ORS 426.100, regarding court-appointed counsel in civil commitment proceedings, was amended to provide in part:

"(3) If the person is unable to afford legal counsel, the court shall determine and allow, as provided in ORS 135.055, the reasonable expenses of the person and compensation for legal counsel. The expenses and compensation so allowed by a county court shall be paid by the county of residence of the allegedly mentally ill person. * * *" Or Laws 1979, ch 867, § 10.

Section 8 of the bill, which amended ORS 419.498, was the only section to provide that compensation "shall be allowed *and paid*" as in ORS 135.055.[2] The other sections each provide that the compensation and expenses are to be "determined," "allowed" or "determined and allowed" as in ORS 135.055, but *paid* by a particular county. ORS 135.055, as amended in 1979, provided that the compensation and expenses would be paid by the "county in which the proceeding is had." The other sections of the Act provided for payment by a county which was not necessarily the one in which the proceeding is had. (These statutes were later amended by Or Laws 1981 (Special Session) ch 3, §§ 123-136, to provide for payment by the state in many cases.)

We conclude that the legislature's intent was to use the word "paid" in ORS 419.498 to indicate which governmental body was responsible for payment of the compensation and expenses and not to require payment by the represented person as described in ORS 135.055(6). This conclusion is supported by an examination of the consequences of the reading urged by the state.

To read the amendment to ORS 419.498 to incorporate the procedure specified in ORS 135.055(6) would be to

---

[2] Section 7, amending ORS 419.563, applying to appeals from juvenile proceedings, stated that "compensation * * * shall be allowed and paid as provided in ORS 138.500." ORS 138.500 relates to court-appointed counsel on appeal in criminal cases.

ascribe to the legislature the intent to impose the procedure on indigent juveniles, but not on the indigent persons provided for in the other sections of the Act, such as allegedly mentally ill or mentally deficient persons, post-conviction petitioners or persons under the jurisdiction of the Psychiatric Security Review Board.[3] Further, we note that the class of juveniles subject to the provisions of ORS 419.498 is not limited to those like the child in this case who has been adjudged to be a runaway or to have committed acts which would have been criminal acts if committed by adults. ORS 419.476(1)(a), (f). The juvenile court's jurisdiction also extends to a non-law violator: a person who is under the age of 18 and

"(b)   Who is beyond the control of his parents, guardian or other person having his custody; or

"(c)   Whose behavior, condition or circumstances are such as to endanger his own welfare or the welfare of others; or

"(d)   Who is dependent for care and support on a public or private child-caring agency that needs the services of the court in planning for his best interests; or

"(e)   Either his parents or any other person having his custody have abandoned him, failed to provide him with the support or education required by law, subjected him to cruelty or depravity or to unexplained physical injury or failed to provide him with the care, guidance and protection necessary for his physical, mental or emotional well-being; or

"* * * * *

"(g)   Who has filed a petition for emancipation pursuant to ORS 109.550 to 109.565, 419.710, 482.270, 482.905 and this section." ORS 419.476.

We doubt that the legislature intended ORS 135.055(6) to apply to an indigent abused child under the juvenile court's jurisdiction pursuant to ORS 419.476(1)(e), while not applying to the allegedly mentally ill or mentally deficient person in a civil commitment proceeding. It is more likely that the legislature intended the provision to apply only to criminal defendants. We conclude that the legislature intended the juvenile court provisions to follow those relating to payment

---

[3] Among the provisions regarding payment of court appointed counsel amended by the Act were: appeals in criminal actions, petitions for post-conviction relief; Psychiatric Security Review Board proceedings and appeals; civil commitment proceedings and appeals, and habeas corpus proceedings.

of court-appointed counsel for criminal defendants, *in that in those cases counsel are paid by the same governmental body.*

We note that before the 1979 amendments ORS 419.498 provided:

"* * * An attorney appointed pursuant to this subsection shall be paid a reasonable fee fixed by the court, to be paid *in the same manner as fees for attorneys appointed in criminal cases in the circuit court.* In instances where the court appoints an attorney to represent the child, it may require the parent, if able, or guardian of the estate, if the estate is able, to pay such attorney fees. The test of the parent's or estate's ability to pay such fees shall be the same test as applied to appointment of counsel for defendants under ORS 135.050. The court's order of payment shall be enforceable in the same manner as an order of support under ORS 419.515." (Emphasis supplied.)

Thus, under the previous statutory scheme, ORS 419.498 treated the payment of counsel for indigent juveniles the same as payment of court-appointed counsel in criminal cases. The statute relating to criminal cases did not then include ORS 135.055(6).

The statutory provisions on which the state relies do not provide authority for the court to apply ORS 135.055(6) in a juvenile proceeding, and the court erred in ordering the child to repay the cost of court-appointed counsel.[4]

The child's other assignment of error involves her commitment to the custody of CSD. The court's order placed her "in the legal and physical custody of the Children's Services Division, State of Oregon for placement in Rosemont for an indefinite period not to extend beyond the date on which the child becomes 21 years of age." The child argues that the court was not authorized to commit her to CSD custody for placement in Rosemont for a period potentially in excess of one year.

There are two bases for the juvenile court's jurisdiction over the child: ORS 419.476(1)(a), that the child had committed an act which if committed by an adult would be Theft in the Second Degree, and ORS 419.476(1)(f), that the

---

[4] We therefore need not address the child's assignment of error alleging that the court improperly found her able to pay.

child is a runaway. When a child is found to be within the juvenile court's jurisdiction, the court may "[p]lace the child in the legal custody of the Children's Services Division for care, placement and supervision." ORS 419.507(1)(b). At the time of the court's order, ORS 419.511(1) provided:

> "The duration of any disposition made pursuant to ORS 419.507(1)(a) to (c) shall be fixed by the court and may be for an indefinite period. Any placement in the legal custody of the Children's Services Division shall be for an indefinite period. However, in cases under ORS 419.476(1)(a), the period shall not exceed the maximum period of institutionalization or commitment authorized if the act had been committed by an adult. The period of any disposition shall not extend beyond the date on which the child becomes 21 years of age."[5]

As the child points out, an adult could be imprisoned for no more than a year for theft in the second degree. ORS 164.045(2), 161.615(1). After the first year, therefore, CSD's custody must be based on the child's runaway status.

■       The child notes that, when juvenile court jurisdiction is based on runaway status under ORS 419.509(1), the court may not place the child in a "private institution operated as a training school for children requiring secure custody." The child contends that Rosemont meets that description and, therefore, that placement of the child in Rosemont for more than a year was not authorized by law. We have held that Rosemont is not a secure custody facility, but rather is a "residential child care treatment facility in which CSD is authorized by law to place juveniles committed to its custody." *Shrewsbury v. Larson*, 52 Or App 81, 98, 627 P2d 910, *rev den* 291 Or 368 (1981). The child has pointed to no change in the law or the status of Rosemont affecting the *Shrewsbury*

---

[5] The statute was amended by Or Laws 1983, ch 815, § 4, to provide:

"(1)  The duration of any disposition made pursuant to ORS 419.507(1)(a) to (c) shall be fixed by the court and may be for an indefinite period. Any placement in the legal custody of the Children's Services Division shall be for an indefinite period. However, in cases under ORS 419.476(1)(a), the period *of any disposition made pursuant to ORS 419.507(1)(a) to (c)* shall not exceed the maximum period of institutionalization or commitment authorized if the act had been committed by an adult. The period of any disposition shall not extend beyond the date on which the child becomes 21 years of age." (Emphasis supplied.)

decision.[6] The limitation expressed in ORS 419.509(1) does not apply to placement in Rosemont.

■    The court did not have the power to commit the child directly to Rosemont. ORS 419.507(1)(b)(B) provides in part:

> "If the child has been placed in the custody of the Children's Services Division, the court shall make no commitment directly to any residential facility, but shall cause the child to be delivered into the custody of the Children's Services Division at the time and place fixed by rules of the division. * * *"

*See also Shrewsbury v. Larsen, supra,* 52 Or App at 85. However, that error would not void the order of placement. *Cf. Parker v. Talkington,* 17 Or App 147, 521 P2d 25 (1974) (when court was only authorized to commit to custody of Mental Health Division, order committing to particular hospital was technically improper, but not void). ORS 419.507(1)(b)(D) further provided:

> "To insure effective planning for children, the Children's Services Division shall take into consideration recommendations and information provided by the committing court before placement in any facility certified by the Children's Services Division."[7]

We construe the court's order to commit the child *to CSD,* with a *recommendation* that CSD place the child in Rosemont. The child does not challenge her commitment to CSD.[8]

Order modified to delete the requirement that the child repay the cost of court-appointed counsel; affirmed as modified.

---

[6] The child urges us to overrule *Shrewsbury.* We decline to do so.

[7] The statute was amended by Or Laws 1983, ch 510, § 17, to delete the phrase "certified by the Children's Services Division."

[8] Neither does anyone contend that under ORS 419.509(1) the child was *required* to be placed in a secure custody facility for the first year of her commitment.