Argued and submitted October 25, 1985, affirmed as modified April 23, 1986

In the Matter of
Troy Gallagher, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

GALLAGHER,
*Appellant.*

(68,329; CA A34327)

717 P2d 1242

Gary B. Bertoni, Portland, argued the cause for appellant. With him on the brief was Saxon & Marquoit, Portland.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Appellant, a juvenile, was placed on probation for an adjudicated act which would have constituted a crime if committed by an adult. He contends that the court was without authority to require repayment of a portion of his costs for court-appointed counsel as a condition of probation.

We have previously held that a court may not require repayment of such costs by a juvenile placed in the custody of the Childrens' Services Division pursuant to ORS 419.507(1)(b). *State ex rel Juv. Dept. v. Chapter,* 68 Or App 110, 681 P2d 1171 (1984). The state seeks to distinguish probation from CSD placement, arguing that ORS 419.507(1)(a) authorizes repayment of costs as a condition of probation. We disagree.

ORS 419.507(1)(a) provides, in pertinent part:

"* * * The court may specify particular requirements to be observed during the probation or protective supervision consistent with recognized juvenile court practice, including but not limited to restrictions on visitation by the child's parents, restrictions on the child's associates, occupation and activities, restrictions on and requirements to be observed by the person having the child's legal custody and requirements for visitation by and consultation with a juvenile counselor or other suitable counselor. Restitution for physical injury inflicted upon a person by the child and for property taken, damaged or destroyed by the child may be required as a condition of probation. * * *"

Although that provision permits the court to impose requirements other than those specifically enumerated, any additional requirement must be of the same kind as those specifically set out in the statute. *State v. Haynes,* 53 Or App 850, 633 P2d 38, *rev den* 292 Or 108 (1981). We conclude that repayment of court-appointed counsel costs is not the same kind of requirement as restitution or restrictions on visitation and association; it is not authorized by ORS 419.507(1)(a).

The state also urges that we overrule *State ex rel Juv. Dept. v. Chapter, supra,* and hold that the recoupment provisions of *former* ORS 135.055(6) apply in the context of court-appointed counsel for juvenile court proceedings. We decline to do so.

Order modified to delete requirement that child repay costs of court-appointed counsel; affirmed as modified.