Submitted on record and briefs October 3, order of disposition modified in part;
affirmed as modified November 27, 1996

In the Matter of
Roy Bradford Ware, Jr., a Youth.

STATE ex rel JUVENILE DEPARTMENT
OF CURRY COUNTY,
*Respondent,*

*v.*

Roy Bradford WARE, Jr.,
*Appellant.*

(JU3267; CA A90370)

927 P2d 1114

Teresa M. Kohlhoff filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Judith Brant, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Child appeals from a juvenile court order of disposition and assigns error to the portion of that order that required him to pay supervision costs as a condition of his probation. We conclude that the juvenile court exceeded its authority in imposing that condition.

Child was determined to be within the jurisdiction of the court for committing the acts that, if he were an adult, would constitute the crimes of theft in the third degree and assault in the fourth degree and was placed on probation. ORS 419C.446. Paragraph 13 of the juvenile court's order of disposition requires child to pay "probation supervision fees" in the amount of $8.00 per month during his probation. On appeal, child argues that the court lacked authority to order payment of those fees.

■ ORS 419C.446(2) provides:

> "The court may specify particular requirements to be observed during the probation consistent with recognized juvenile court practice, including but not limited to restrictions on visitation by the youth's parents, restrictions on the youth's associates, occupation and activities, restrictions on and requirements to be observed by the person having the youth's legal custody, requirements that the youth pay any assessment under ORS 137.290,[1] and requirements for visitation by and consultation with a juvenile counselor or other suitable counselor, requirements to make restitution under ORS 419C.450, requirements of a period of detention under ORS 419C.453, requirements to pay a fine under ORS 419C.459, requirements to perform community service under ORS 419C.462, or service for the victim under ORS 419C.465, or requirements to submit to blood testing under ORS 419C.473."

The statute's "including but not limited to" language clearly contemplates that the juvenile court may impose conditions of probation other than those expressly listed in the statute. Nonetheless, the court's authority in that regard is not unlimited. In particular, "any additional requirement must

---

[1] ORS 137.290 provides for a "unitary assessment" which "is a penal obligation in the nature of a fine[.]"

be of the same kind as those specifically set out in the statute." *State ex rel Juv. Dept. v. Gallagher*, 79 Or App 39, 41, 717 P2d 1242 (1986) (requirement that child, as condition of probation, pay costs of court-appointed counsel exceeded court's authority under *former* ORS 419.507(1),[2] because that requirement was not "the same kind" enumerated in the statue).

■     A requirement that a juvenile probationer pay the cost of his or her probationary supervision is not "of the same kind" as those requirements specifically listed in ORS 419C.446(2). *State v. Haynes*, 53 Or App 850, 633 P2d 38, *rev den* 292 Or 108 (1981), is directly analogous. In *Haynes*, on which our later decision in *Gallagher* was based, the defendant, an adult, argued that a requirement that he pay a $10 per month "probation fee" exceeded the court's authority to impose conditions of probation under ORS 137.540(1), which at that time provided:

"The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:

"(a)   Avoid injurious or vicious habits.

"(b)   Avoid places or persons of disreputable or harmful character.

"(c)   Report to the probation officer as directed by the court or probation officer.

"(d)   Permit the probation officer to visit him at his place of abode or elsewhere.

"(e)   Answer all reasonable inquiries of the probation officer.

"(f)   Work faithfully at suitable employment.

"(g)   Remain within a specified area.

"(h)   Pay his fine, if any, in one or several sums.

---

[2] *Former* ORS 419.507(1) authorized the court to impose probation requirements "consistent with recognized juvenile court practice" including restrictions on visitation and association, requiring consultation with counselors and payment of restitution.

"(i)   Be confined to the county jail for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser.

"(j)   Make restitution to the victim as provided in ORS 137.106.

"(k)   Support his dependents."

We concluded that the imposition of the $10 monthly fee exceeded the court's statutory authority:

"Although [ORS 137.540(1)] allows the court to set conditions of probation other than those listed, we conclude that any additional condition should be of the same kind as those specifically enumerated in the statute. The court may require the payment of money for fines and for restitution, both of which are expressly provided for in the statute, but the requirement that defendant pay a monthly probation fee is not a valid probation condition of the same kind as those specifically enumerated." *Id.* at 855 (citation omitted).

*See also State v. Rowton,* 57 Or App 431, 434, 645 P2d 551 (1982) (same).

The same reasoning controls here. The conditions specifically enumerated at that time in ORS 137.540 do not differ materially from the requirements listed in ORS 419C.446(2). As in *Haynes,* the "probation supervision" fee condition imposed here is not "of the same kind" as those conditions specifically enumerated in the enabling statute. Accordingly, the trial court erred in requiring that payment as a condition of probation.[3]

---

[3] The state does not argue that the imposition of the "probation supervision" fee in this case was authorized under ORS 423.570, and particularly ORS 423.570(2), which provides:

"(2)  A person sentenced to probation or placed by an authority on parole, post-prison supervision or other form of release, subject to supervision other than by either the Department of Corrections or a community corrections program established under ORS 423.500 to 423.560 may be required by the releasing authority to pay a monthly fee to offset costs of supervising the probation, parole, post-prison supervision or other supervised release."

The court invited the state to comment on the applicability of ORS 423.570, and the state responded that the statute is inapposite.

Order of disposition modified to delete paragraph 13, requiring that child pay probation supervision fees; affirmed as modified.