Submitted October 4, reversed and remanded with instructions to enter a judgment deleting the requirement that youth pay for his psychological evaluation; otherwise affirmed December 11, 2013

In the Matter of C. M. C.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

C. M. C.,
*Appellant.*

Lane County Circuit Court
12407J;
Petition Number 12407J01;
A153160

316 P3d 316

Christa Obold-Eshleman filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Cecil A. Reniche-Smith, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Based on youth's admissions, the juvenile court found youth to be within the court's jurisdiction for having engaged in conduct that, had it been committed by an adult, would have constituted computer crime, ORS 164.377(2)(c). Youth appeals the resulting judgment, contending that the juvenile court erred in ordering him to pay for his psychological evaluation as a condition of probation. The court ordered youth to "pay and complete a Psychological Evaluation and follow all treatment recommendations," reasoning:

"I do think it's—in a way—a way of making amends also given the fact that nobody is asking for restitution, which could be substantial, and for the expense that the system has undergone in terms of police time investigating, that asking you to pay the cost of your psychological evaluation is more than reasonable, so I am going to direct that to occur."

The state concedes, and we agree, that ordering youth to pay for his own psychological evaluation was outside the court's dispositional authority under ORS 419C.446(2). That statute provides that "[t]he court may specify particular requirements to be observed during the probation consistent with recognized juvenile court practice," followed by a nonexclusive list of such requirements. However, the court's authority under the "including but not limited to" text of ORS 419C.446(2) is not unlimited; rather "'any additional requirement must be of the same kind as those specifically set out in the statute.'" *State ex rel Juv. Dept. v. Ware*, 144 Or App 614, 616-17, 927 P2d 1114 (1996) (quoting *State ex rel Juv. Dept. v. Gallagher*, 79 Or App 39, 41, 717 P2d 1242 (1986)). We agree with the parties in this case that ordering youth to pay for a psychological evaluation is not "of the same kind" as those requirements enumerated in ORS 419C.446(2). Accordingly, the court erred in imposing it as a condition of youth's probation.

Reversed and remanded with instructions to enter a judgment deleting the requirement that youth pay for his psychological evaluation; otherwise affirmed.