Submitted on record and briefs September 25, 1978, affirmed January 29, reconsideration denied February 27, petition for review denied May 1, 1979, 286 Or 303

STATE OF OREGON, *Respondent,*

*v.*

WILLIAM EARL HAWK, *Appellant.*

(No. 77-14759-T, CA 11043)

589 P2d 1136

William Earl Hawk, Applegate, filed the brief pro se for appellant.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Allison E. Smith, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was convicted of the statutory infraction Driving Under the Influence of Intoxicants, ORS 487.540.

He sets forth 17 assignments of error. Two of the alleged errors involve jury instructions.

Defendant requested the following instruction:

> "If you find that, as a matter of fact, the arresting officer did not have probable cause for making the arrest of the defendant then the arrest was unlawful and you may not consider any evidence taken after the arrest and must render a verdict of not guilty."

Although whether there is probable cause to arrest is a factual determination, *State v. Johnson/Imel,* 16 Or App 560, 519 P2d 1053, *rev den* (1974), that does not mean that the determination is made by the jury. Where, as here, lack of probable cause had been the basis of a previous motion to suppress, denial of that motion is a ruling that the evidence sought to be suppressed is admissible. Evidentiary rulings are for the court, not the jury, even though they may require factfinding. Hence, the requested instruction does not correctly state the applicable law.

The same rule also applies to defendant's next contention. Defendant requested the following instruction:

> "If you find that, as a matter of fact, the defendant was coerced into taking the Breathalyzer Test by his prior reading and understanding of the 'Implied Consent Law' on page 67 of the 1976-77 Oregon Driver's Manual, then such coercion invalidates any consent and you may not consider the Breathalyzer Test evidence in arriving at your verdict."

The applicable statute, ORS 487.805, does not require the actual consent of one who is arrested and requested to take the test; hence the appellation, "implied consent." *See, State v. Osburn,* 13 Or App 92, 508 P2d 837 (1973). Defendant does not assert any procedural defect. The trial court properly refused to give the instruction.

A substantial number of defendant's other assignments of error are defective in that they do not meet the requirements set out in DCAR 5.7 of the Rules for Appeals from District Courts, which provides in pertinent part:

> "Each assignment of error shall be clearly and succinctly stated under a separate and appropriate heading. The assignment of error must be specific and must set out verbatim the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered."

The remaining assignments of error are without merit and do not warrant discussion. Therefore, we do not consider those assignments.

Affirmed.