Submitted on record and briefs March 23, affirmed in part
and remanded in part with instructions April 13, 1981

## WILLIAM EARL HAWK,
*Appellant,*

*v.*

## STATE OF OREGON,
*Respondent.*

(No. 80-128-C, CA 17912)

626 P2d 931

William Earl Hawk, Applegate, Oregon, filed the brief
for appellant, William Earl Hawk, pro se.

Dave Frohnmayer, Attorney General, John R. McCul-
loch, Jr., Solicitor General, William F. Gary, Deputy Solici-
tor General, and Brenda J. Peterson, Certified Law Stu-
dent, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and
Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Appellant was convicted of Driving Under the Influence of Intoxicants in 1978. His conviction was affirmed by this court. *State v. Hawk,* 38 Or App 117, 589 P2d 1136, *rev den* (1979), *cert den* (1980). He then sought post-conviction relief under the Post-Conviction Relief Act, ORS 138.530-138.680, in the Josephine County Circuit Court. That court dismissed the petition for post-conviction relief, refused to stay further execution of the sentence originally imposed on the driving under the influence charge and ordered that the petitioner pay $175 to the court as partial reimbursement of his court-appointed attorney's fees. On appeal, appellant makes four assignments of error with respect to the trial court's rulings. We find it necessary to discuss only one of them, *viz.,* the court order that he pay $175 for his attorney's fees. We reverse that portion of the judgment of the trial court.

■ As the state acknowledges, there is no clear legal basis for the trial court's decision to order petitioner to pay $175 for his court appointed attorney's fees in this post-conviction relief proceeding. The post-conviction statute requires the appointment of counsel for an indigent petitioner. ORS 138.590. This fact does not, by itself, make the Post-Conviction Relief Act analogous to the furnishing of counsel in a criminal trial nor subject a petitioner to the Recoupment Statute. ORS 161.665.[1] The Recoupment Statute is part of the direct criminal prosecution process, and not a part of the Post-Conviction Relief Act.

---

[1] ORS 161.665 provides:

"(1) The court may require a convicted defendant to pay costs.

"(2) Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law.

"(3) The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

"(4) A defendant who has been sentenced to pay costs and who is not in contumacious default in the payment thereof may at any time petition the

■ Even if the provisions of ORS 161.665 were deemed to apply to post-conviction relief, the imposition of the particular item of cost on the petitioner in this case would have been inappropriate. "Costs" have been held to include fees for a court appointed attorney, even where the petitioner was indigent at the time of the trial. *State v. Fuller,* 12 Or App 152, 504 P2d 1393, *rev den* (1973), *affirmed sub nom Fuller v. Oregon,* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974). However, before a court can impose costs under such circumstances, it must make specific findings with respect to the charged person's ability to pay those costs. ORS 161.665(3). That was not done here. The trial court's order in this respect was impermissible.

The judgment of the trial court is remanded with instructions to delete the requirement that the petitioner pay an amount of money as costs for the expense of his court appointed attorney. In all other respects it is affirmed.

Affirmed in part and remanded in part with instructions.

---

court which sentenced him for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or his immediate family, the court may remit all or part of the amount due in costs, or modify the method of payment under ORS 161.675."