Argued and submitted October 23, 1981, orders vacated;
remanded for determination April 5, 1982

## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY JAMES MARTIN,
*Appellant.*

(No. 10-80-09320, CA A20612)

642 P2d 1196

Glenda L. Green, Albany, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant pled guilty to two counts of rape in the first degree. In addition to two concurrent twenty-year prison terms, defendant was sentenced to pay costs in the amount of $4,953.26 and to make restitution in the amount of $39, both to be paid within six months of the expiration date of defendant's parole. Defendant appeals that part of his sentence ordering him to pay costs and restitution.

■■ The trial court has authority to impose costs of prosecution on a defendant by ORS 161.665.[1] Before costs may be imposed, a court must make specific findings with respect to the defendant's ability to pay. *Hawk v. State of Oregon,* 51 Or App 655, 658, 626 P2d 931 (1981); *State v. Normile,* 52 Or App 33, 627 P2d 506 (1981). Defendant was indigent and was given appointed counsel. "If there is no likelihood that a defendant's indigency will end, a judgment for costs cannot be imposed." *State v. Fuller,* 12 Or App 152, 504 P2d 1393, *rev den* (1973), *aff'd sub nom Fuller v. Oregon,* 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974). The state concedes that the record is not adequate to support the findings required by ORS 161.655(3). Accordingly, the portion of the order requiring payment of costs is

---

[1] ORS 161.665 provided at the relevant time:

"(1) The court may require a convicted defendant to pay costs.

"(2) Costs shall be limited to expenses specially incurred by the state in prosecuting the defendant. They cannot include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law.

"(3) The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

"(4) A defendant who has been sentenced to pay costs and who is not in contumacious default in the payment thereof may at any time petition the court which sentenced him for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or his immediate family, the court may remit all or part of the amount due in costs, or modify the method of payment under ORS 161.675."

This section was amended in 1981. 1981 Or Laws (Spec. Session) ch. 3, § 120. The amendment became effective subsequent to the proceedings in this case.

vacated, and the case is remanded for a determination pursuant to ORS 161.665(3).

■ The order to pay restitution for the cost of towing defendant's car from the scene of the crime was not authorized by statute. The towing expense did not result from defendant's criminal activities. ORS 137.106(1); *State v. Eastman/Kovach,* 292 Or 184, 637 P2d 609 (1981). Neither was the sheriff's office a "victim" under the restitution statute.

The order imposing costs is vacated, and the case is remanded for a determination pursuant to ORS 161.665(3); the portion of the order imposing restitution is vacated.