Argued and submitted February 27, affirmed May 1, reconsideration denied May 31,
petition for review denied July 23, 1985 (299 Or 522)

# STATE OF OREGON,
*Respondent,*

*v.*

# DAN LINN PETTIT,
*Appellant.*

(139,588, 146,611, 146,972;
CA A32993 (Control), A32994, A32995)
(Cases Consolidated)

698 P2d 1049

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals from a restitution order, contending that money he was paid for cocaine by police officers is not "pecuniary damages" within the meaning of ORS 137.103 and therefore cannot form the basis of the order. We affirm.

Defendant was convicted of delivery of a controlled substance,[1] ORS 475.992(1), arising from his sale of cocaine to Salem police officers during the course of a criminal investigation. As part of his sentence, he was ordered to make restitution to the Salem Police Department for the amount he received in the illegal transaction. He argues that the money paid by the police to purchase the cocaine cannot form the basis of a restitution order. The state contends that restitution in this case would prevent unjust enrichment and promote the public policies underlying the narcotics laws. We agree with the state.

ORS 137.106 provides that the court may order a defendant to make restitution to the "victim." For purposes of the restitution statute, "victim" is defined as:

"* * * any person whom the court determines has suffered *pecuniary damages* as a result of the defendant's criminal activities; 'victim' shall not include any coparticipant in the defendant's criminal activities." ORS 137.103(4). (Emphasis supplied.)

It is obvious that the city was not a coparticipant in defendant's criminal activities. Defendant acted illegally in an attempt to profit from the sale of a controlled substance, but the city acted legally in an effort to stop that criminal activity.

Thus, whether the city is a victim depends entirely on whether it has suffered pecuniary damages. "Pecuniary damages" are defined by ORS 137.103(2) as:

---

[1] Defendant was actually convicted of three crimes and received three sentences: (1) Possession of a controlled substance, ORS 475.992(4), for which he was placed on two-years probation with imposition of sentence suspended. Probation was subsequently revoked and a two-year sentence was imposed. (2) Delivery of a controlled substance, ORS 475.992(1), for which he was sentenced to three years and ordered to pay $2600 restitution. (3) A second count of delivery of a controlled substance for which he was sentenced to three years. All three sentences were to run concurrently. Although defendant appealed each sentence, and those appeals have been consolidated in this case, the only argument he raises concerns the propriety of the restitution order.

"* * * all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling."

Under that statute, the court's authority to order restitution in criminal cases is circumscribed by civil law concepts. *State v. Dillon,* 292 Or 172, 180, 637 P2d 602 (1981). Accordingly, the validity of the restitution order in this case depends on (1) whether there is a civil remedy whereby the Salem Police Department could recover the monies paid to defendant in the illegal sale, and (2) whether that recovery would constitute special damages. We hold that both elements are present.

 The appropriate action for the city to bring to recover its $2600 would be rescission and restitution. Under the law, the sale of a controlled substance forms an illegal contract. Generally, courts will not grant relief in cases involving such contracts when the parties are equally at fault. *See Oregon & Western Col. Co. v. Johnson,* 164 Or 517, 102 P2d 928 (1940). However, when the parties are not equally at fault, courts have allowed exceptions to the general rule. Calamari & Perillo, The Law of Contracts, § 22-12 (2d ed 1977). The Supreme Court recognized the exception in *Oregon & Western Col. Co. v. Johnson, supra,* 164 Or at 536, where it quoted the Restatement of Contracts, § 604:

" 'Where the parties to an illegal bargain, though both blameworthy, are not in pari delicto, and one of them has not been guilty of serious moral turpitude, he can repudiate the bargain, and if he has rendered any performance thereunder, recover it or its value.' "

We hold that this exception would be available to the Salem police.

Although the goal of rescission is to restore the parties to the *status quo ante, Daugherty v. Young,* 47 Or App 585, 615 P2d 341 (1980), the city obviously would not be required to return the cocaine to defendant nor would its failure to do so affect its rescission claim. Defendant had no legal right to possess the contraband and cannot assert any claim to it.

■ Having concluded that the city would have a civil remedy, the question remains whether its recovery of the $2600 in a rescission action would constitute the recovery of special damages. As noted above, ORS 137.103(2) states that, for purposes of restitution, special damages "shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed." The $2600 in this case qualifies as special damages under a literal reading of the statute. It was the city's property. It was "taken" by defendant in exchange for the cocaine. Although defendant probably cannot return the exact currency which he took from the Salem police, he can be obligated to return its monetary equivalent. Therefore, we conclude that the restitution was proper.

Affirmed.