Argued and submitted March 29, conviction affirmed; restitution provision of judgment vacated June 26, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# MARK FLORENTINO ROSAS,
*Appellant.*

(89-40594; CA A63976)

813 P2d 77

Louis R. Miles, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant was convicted of waste of game. ORS 498.042(2); OAR 635-65-750(2). He appeals his sentence, contending that the trial court erred by ordering him to pay $400 in restitution. We vacate the provision for restitution.

Defendant lawfully killed a deer. He stored the front part of the deer in a refrigerator, but left the hindquarters unrefrigerated. Trooper Hale contacted defendant after receiving a complaint about the deer and observed mold and maggots on the unrefrigerated hindquarters. On the basis of that observation, he cited defendant for waste of game and confiscated the hindquarters. Following defendant's conviction, the trial court ordered him to pay restitution to the state for the wasted deer. Defendant objected to the imposition of restitution.

■     A court may order restitution to a victim who has suffered "pecuniary damages" as a result of the defendant's criminal activities. ORS 137.103(3), (4); ORS 137.106. "Pecuniary damages" are defined in ORS 137.103(2) as

> "all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling."

Under those statutes, restitution may be ordered if a civil remedy is available that would allow the victim to recover special damages. *State v. Dillon,* 292 Or 172, 182, 637 P2d 602 (1981); *State v. Pettit,* 73 Or App 510, 513, 698 P2d 1049, *rev den* 299 Or 522 (1985).

■     Defendant argues that the trial court erred in ordering him to pay restitution, because the state does not own lawfully taken game and, therefore, has not suffered pecuniary damages. The state argues that it has a continuing interest in game animals and that defendant's possession of the deer in violation of the wildlife laws injured the state's interest.

Because no theory of civil liability exists under which the state could recover special damages arising from defendant's waste of the deer, restitution was not authorized. Although the state asserts a continuing interest in the deer after possession by defendant, it does not persuasively demonstrate how that interest could give rise to a civil action for special damages.[1] In the light of our determination of this issue, we do not reach defendant's argument that the trial court erred in establishing the amount of restitution.

The state argues that defendant did not request a hearing on the imposition of restitution and, therefore, cannot raise the issue of improper restitution on appeal. The record shows that defendant objected to the imposition of restitution and that the trial court responded that the objection was noted and preserved for appeal. The state's argument does not merit further discussion.

Conviction affirmed; restitution provision of judgment vacated.

---

[1] ORS 496.705, which provides that the State Fish and Wildlife Commission may recover civil damages for the *unlawful* taking or killing of wildlife and which establishes the amount of damages recoverable for each wildlife species, is inapplicable to this case, because there was no *unlawful* taking or killing.