**STATE of Utah, Plaintiff and Appellant,**

v.

**Brent DEPAOLI, Defendant and Appellee.**

**No. 910047.**

Supreme Court of Utah.

July 10, 1992.

R. Paul Van Dam, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellant.

Frances M. Palacios, Ronald S. Fujino, Salt Lake City, for defendant and appellee.

HOWE, Associate Chief Justice:

Defendant Brent Depaoli pleaded guilty to attempted aggravated sexual assault, a first degree felony, in violation of Utah Code Ann. §§ 76–5–405 and 76–4–101(1). He was sentenced to prison and ordered to

pay restitution to the direct victim and to pay restitution in the sum of $165 to the Salt Lake City Police Department ("SLCPD") for a code R examination performed on the victim. He appeals, assailing the order of restitution to the SLCPD on the ground that it is not statutorily authorized. The State responds that Utah Code Ann. § 77–32a–1 provides, "In a criminal action the court may require a convicted defendant to make restitution and pay costs." The State contends that restitution is specifically authorized under Utah Code Ann. § 76–3–201(3)(a)(i) and that costs are specifically authorized under Utah Code Ann. § 77–32a–2. We shall examine both statutes in turn.

## RESTITUTION

■ Section 76–3–201(3)(a)(i) provides that when a person is adjudged guilty of criminal activity which has resulted in pecuniary damages, the court, in addition to any other sentence it may impose, shall order the defendant to make restitution up to double the amount of "pecuniary damages" to the victim or victims of the offense. Section 76–3–201(4)(b) defines "pecuniary damages":

"Pecuniary damages" means all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and includes, but is not limited to, the money equivalent of property taken, destroyed, broken, or otherwise harmed, and losses such as earnings and medical expenses.

Section 76–3–201(4)(d) defines "victim":

"Victim" means any person whom the court determines has suffered pecuniary damages as a result of the defendant's criminal activities.

Thus, for the SLCPD to fall within the definition of a victim, the State must show that the SLCPD has suffered pecuniary damages as a result of defendant's criminal activities.

This is the first case arising under our restitution statute. From the legislative history, we learn that the statute is nearly identical to an Oregon statute from which it was patterned. *See* Or.Rev.Stat. § 137.-103 to .109. The appellate courts of Oregon have in several cases determined who is entitled to restitution and what types of expenses qualify for restitution under their statute. In *State v. Dillon*, 292 Or. 172, 637 P.2d 602 (1981), the defendant, while fleeing from the police in a high-speed car chase, struck a police vehicle and a police officer. A shootout followed in which another police vehicle sustained gunshot damage. The defendant was apprehended and treated for facial gunshot wounds at the Adult and Family Services Division of the Department of Human Resources ("AFS"). He was convicted of several criminal offenses and sentenced to prison. Additionally, he was ordered to pay $5,381.05 to AFS for payment of his medical expenses and $933.95 for damage to the patrol cars. On review by the Oregon Supreme Court, the court emphasized that the authority conferred by the statute to impose restitution was limited to what would otherwise be special damages recoverable in a civil proceeding. 292 Or. at 180, 637 P.2d at 607. See also *State v. Pettit*, 73 Or.App. 510, 698 P.2d 1049 (1985), and *State v. Hart*, 299 Or. 128, 699 P.2d 1113 (1985), where the same emphasis was made.

The *Dillon* court held that the damage sustained to the police vehicles met the definition of "pecuniary damages" since the defendant was civilly liable for that damage under tort law. However, the court reversed the order of restitution to AFS for medical services because the facts did not give rise to a theory of civil liability under which AFS could recover those expenses from the defendant. A statute required AFS to make available medical assistance for persons who are categorically or medically in need. There was no provision for liability or responsibility of the assistance recipient for repayment. The defendant was provided medical services upon presentation of his AFS card showing him to be eligible for such services. In view of those facts, the court stated:

There is no way for the sentencing court to have found that defendant could be

civilly liable to AFS for his medical expenses. Therefore AFS is not a "victim" as defined by ORS 137.103(4) because the expenses are not pecuniary damages. The order of restitution to AFS was not authorized.

*Dillon*, 292 Or. at 183, 637 P.2d at 609.

In a later case, *State v. Rosas*, 108 Or. App. 28, 813 P.2d 77 (1991), the defendant lawfully killed a deer but left the hindquarters unrefrigerated, causing it to spoil. He was convicted of wasting game and was ordered to pay restitution to the state for the wasted meat. He appealed, arguing that because the state does not own lawfully taken game, it had not suffered any "pecuniary damage" as defined by the statute. The state asserted that it had a continuing interest in game animals and the defendant's possession of the spoiled meat in violation of the wildlife laws injured the state's interest. The court of appeals reversed the order of restitution "[b]ecause no theory of civil liability exists under which the state could recover special damages arising from defendant's waste of the deer...." 108 Or.App. at 31, 813 P.2d at 78. See also *State v. Martin*, 56 Or.App. 639, 642 P.2d 1196 (1982), where the court held that the expense of towing the defendant's vehicle from the scene of a rape was not a proper item for restitution. The court stated that the sheriff's office was not a "victim" under the statute and that the towing expense did not result from the defendant's criminal activities.

In the instant case, the SLCPD incurred an expense of $165 for a code R examination of the victim sexually assaulted by defendant. The State characterizes the examination as a medical expense and points out that the statute specifically recognizes medical expenses as pecuniary damages. Therefore, the State argues, the SLCPD "incurred a medical expense on behalf of the victim as a direct result of the sexual assault, and thus, became a victim itself for purposes of the restitution statute." On the other hand, defendant contends that the examination was not a medical expense, but an investigative cost for which the statute does not authorize reimbursement. Assuming the State's characterization to be correct, the State has not explained or suggested a legal basis or theory on which the SLCPD could recover from defendant in a civil action a medical expense that it paid for the victim. Analogy may be made to Utah Code Ann. § 41-6-44.11, which specifically provides for reimbursement of drug and alcohol testing fees expended on persons convicted of driving while under the influence of alcohol or drugs. No similar statute exists with respect to medical expenses. Because the cost of the code R examination could not be recovered by the SLCPD in a civil action against defendant, the SLCPD has not sustained pecuniary damages as defined by our statute and therefore is not a victim.

## DEFENSE COSTS

■ Utah Code Ann. § 77-32a-2 provides:

Costs shall be limited to expenses specially incurred by the state or any political subdivision thereof in prosecuting the defendant, including attorney fees of counsel assigned to represent the defendant pursuant to Section 77-32-2 and investigators' fees. Costs cannot include expenses inherent in providing a constitutionally guaranteed trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law. Costs cannot include attorneys' fees of prosecuting attorneys or expenses incurred by the prosecution for investigators or witnesses.

Again, we have not had the opportunity to consider this statute in any prior case. Like the restitution statute, this statute was taken from a similar Oregon statute. The Oregon statute provides that costs may include "expenses specially incurred by the state in prosecuting the defendant." Or.Rev.Stat. § 161.665(1). In *State v. Haynes*, 53 Or.App. 850, 633 P.2d 38 (1981), the Oregon Court of Appeals reaffirmed the holding of an earlier case of that court that costs of police investigations are not part of costs of prosecution. The court

interpreted the first sentence of the Oregon statute, quoted above, to be those costs incurred by the state after the defendant has been charged with a crime. This is because prosecution does not begin until there is a named defendant who has been charged. The court disallowed expenses that police incurred in searching for and apprehending the defendant and a child he had kidnapped, even though police knew a crime had been committed and the defendant was the prime suspect.

We agree with that interpretation. In the instant case, the offense with which defendant was charged was committed on January 19, 1990. A criminal information against him was not filed for over two months thereafter. Although the record is silent as to when the code R examination was performed, it no doubt had to be performed within hours of the sexual assault. Therefore, the cost of the examination was incurred by the prosecution in the course of the investigation and prior to the time of the filing of the criminal information.

Additionally, our statute contains a provision not specifically contained in the Oregon statute: "Costs cannot include attorneys' fees of prosecuting attorneys or expenses incurred by the prosecution for investigators or witnesses." § 77–32a–2. Since expenses incurred by the prosecution for investigators are not allowed, it logically follows that costs of investigation would likewise be ineligible for restitution. In view of those facts, the cost of the examination cannot be assessed against defendant as costs under the statute.

The order of restitution in favor of the SLCPD is vacated.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.