**STATE of Utah, Plaintiff and Appellee,**

v.

**Timothy Gene GARCIA, Defendant and Appellant.**

No. 930104–CA.

Court of Appeals of Utah.

Dec. 16, 1993.

Ronald S. Fujino and L. Clark Donaldson, Salt Lake City, for defendant and appellant.

Jan Graham, David B. Thompson, and Kenneth A. Bronston, Salt Lake City, for plaintiff and appellee.

Before BENCH, JACKSON and ORME, JJ.

OPINION

ORME, Judge:

Defendant Timothy Garcia was convicted of unlawful distribution of a controlled substance, a second degree felony, in violation of Utah Code Ann. § 58–37–8(1)(a)(ii) (Supp. 1992), and ordered to pay restitution to a police agency. Defendant appeals the trial court's order of restitution. We affirm.

## INTRODUCTION

Following defendant's conviction for unlawful distribution of a controlled substance, the State sought restitution of the "buy money" used to purchase narcotics from defendant. The trial court ordered restitution in the amount of $240 to be paid to the Metro Narcotics Strike Force (Metro Narcotics). The court based its decision upon Utah Code Ann. § 76–3–201 (Supp.1992),[1] which provides for restitutionary payment to "victims" who have suffered "pecuniary damages" as a result of a defendant's criminal activity. Defendant argues the restitution order was improper because Metro Narcotics is not a "victim" entitled to payment under the statute.

## STANDARD OF REVIEW

Generally, "[u]nless a trial court exceeds the authority prescribed by law or abuses its discretion, we will not disturb its order of restitution." *State v. Twitchell,* 832 P.2d 866, 868 (Utah App.1992). *See State v. Snyder,* 747 P.2d 417, 422 (Utah 1987). However, whether or not restitution is proper in this case depends solely upon interpretation of the governing statute, and the "trial court's interpretation of a statute presents a question of law." *Ward v. Richfield City,* 798 P.2d 757, 759 (Utah 1990). "We accord a lower court's statutory interpretations no particular deference but assess them for correctness, as we do any other conclusion of law." *Salt Lake City v. Emerson,* 861 P.2d 443, 445 (Utah App.1993) (quoting *State ex rel. Div. of Consumer Protection v. Rio Vista Oil, Ltd.,* 786 P.2d 1343, 1347 (Utah 1990)).

## ANALYSIS

Trial courts are authorized, and in fact mandated, to order defendants to make restitution under certain circumstances. The applicable statute provides, in pertinent part, as follows:

> When a person is adjudged guilty of criminal activity which has resulted in pecuniary damages, in addition to any other sentence it may impose, the court shall order that the defendant make restitution up to double the amount of pecuniary damages to the victim or victims of the offense....

Utah Code Ann. § 76–3–201(3)(a)(i) (Supp. 1992). Section 76–3–201 defines "victim" to mean "any person whom the court determines has suffered pecuniary damages as a result of the defendant's criminal activities." *Id.* § 76–3–201(4)(d)(i). However, a "victim," for purposes of the statute, "does not include any coparticipant in the defendant's criminal activities." *Id.* § 76–3–201(4)(d)(ii).

The statute further provides that "pecuniary damages" are

> all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and includes, but is not limited to, the money equivalent of property taken, destroyed, broken, or otherwise harmed, and losses such as earnings and medical expenses.

*Id.* § 76–3–201(4)(b).

The Utah Supreme Court first considered the meaning of Utah's restitution statute in *State v. Depaoli,* 835 P.2d 162 (Utah 1992). In *Depaoli,* the defendant appealed the trial court's restitution order that he pay $165 to the Salt Lake City Police Department for a "code R" examination performed on the victim of defendant's sexual assault. *Id.* at 163. According to the Court, in order to establish a claim for restitution, the State must demonstrate that the police department was a "victim," in that it "suffered pecuniary damages as a result of defendant's criminal activities." *Id.* In order to show pecuniary damages, the Supreme Court held that the party must have "a legal basis or theory on which [it] could recover from defendant in a civil action." *Id.* at 164. However, because the State did not explain or advance any such theory or basis for recovery, the Court found that the police department had "not sustained pecuniary damages as defined by our statute and therefore is not a victim." *Id.*

---

1. We refer throughout this opinion to Utah Code Ann. § 76–3–201 (Supp.1992), which was the law in effect at the time of defendant's sentencing. This section has since been amended and is currently found in Utah Code Ann. § 76–3–201 (Supp.1993).

Accordingly, the department was not entitled to restitution under the statute. *Id.*

■ Significantly, the Supreme Court in *Depaoli* noted that Utah's restitution statute "is nearly identical to an Oregon statute from which it was patterned," and freely employed judicial interpretation from that state to reach its decision. *Id.* at 163. *See also State v. Twitchell,* 832 P.2d 866, 869 (Utah App. 1992). Our Oregon counterpart has already decided the exact issue presented by the facts of this case in *State v. Pettit,* 73 Or.App. 510, 698 P.2d 1049 *cert. denied,* 299 Or. 522, 702 P.2d 1112 (1985). The *Pettit* court, in interpreting the Oregon version of the statute, held that a restitution order requiring repayment of police "buy money" was valid if there existed a civil basis for its recovery. *Id.* 698 P.2d at 1051. According to the court, the city had a civil action for rescission and restitution of its buy money because "the sale of a controlled substance forms an illegal contract." *Id.* While courts generally "will not grant relief in cases involving such contracts when the parties are equally at fault," or "in pari delicto," this rule does not apply where the parties are not equally culpable. *Id.* In such cases, the innocent party "'can repudiate the bargain, and if he has rendered any performance thereunder, recover it or its value.'" *Id.* The Oregon court held that the exception applies to a police department, which buys illicit drugs not for consumption, but in an effort to prosecute those who deal in such contraband. *See id.* Therefore, the order of restitution was valid. *Id.*

We agree with the Oregon court's conclusion in *Pettit.* In this case, Metro Narcotics comes within the statutory definition of a victim, as it has suffered pecuniary damages. as a result of defendant's criminal activity. Its loss qualifies as pecuniary damages under the statute because, given its lack of culpability in the drug transaction, it has a civil basis for recovering its "buy money" through the rescission of an illegal contract. *See Twitchell,* 832 P.2d at 869–70 (pecuniary damages established where conversion theory provided civil basis for recovering payments). Accordingly, Metro Narcotics is entitled to restitution under the statute.

## CONCLUSION

Metro Narcotics is a victim under the statute, as it has suffered pecuniary damages resulting from defendant's criminal activity, and thus is entitled to the restitution of its "buy money." We therefore affirm the trial court's order requiring defendant to pay $240 in restitution to the Metro Narcotics Strike Force.

BENCH and JACKSON, JJ., concur.