STATE of Utah, in the interest of J.M.H., a person under eighteen years of age.

J.M.H., Appellant,

v.

STATE of Utah, Appellee.

No. 950575–CA.

Court of Appeals of Utah.

Sept. 19, 1996.

Scott L. Wiggins, Salt Lake City, for Appellant.

Jan Graham, J. Kevin Murphy, and Barnard N. Madsen, Salt Lake City, for Appellee.

Before ORME, DAVIS, and BENCH, JJ.

OPINION

BENCH, Judge:

Appellant, J.M.H., appeals the juvenile court's order requiring him to pay restitution in the amount of $8,000. We reverse and remand for further proceedings.

BACKGROUND

On October 25, 1994, the Skateboard Village in Layton was burglarized, resulting in a $16,000 loss to the business. On October 31, 1994, appellant and another juvenile (R.D.G.) met the Skateboard Village burglars for the first time at a party in Salt Lake City. Upon learning that the burglars were in possession of skateboard equipment, appellant and R.D.G. agreed to trade stereo equipment for some of the items taken from Skateboard Village. Appellant obtained from the trade "a pair of pants, ... several shirts, a coat, and a snowboard" worth about $800. A subsequent burglary of Skateboard Village caused an additional $3,669 in losses.

A petition was filed in juvenile court charging appellant with burglary and theft. The State subsequently dismissed the burglary

charge, conceding that it could not prove that appellant had anything to do with the burglaries. The theft charge was amended to charge appellant with receiving stolen property from the first burglary. Appellant pleaded guilty to having received stolen property.

In a restitution hearing, the juvenile court issued its order stating that "[R.D.G.] and [appellant] are each assessed $8,000 in restitution." In support of its order, the court stated that R.D.G. and appellant had become "accessories to an ongoing pattern of criminal behavior," and that "[t]here is some precedence [sic] in this state that restitution may be ordered for related crime which is not directly charged." The court later entered its Amended Findings of Fact stating that the juveniles made the burglary "profitable for the burglars and encourag[ed] the pattern of behavior that originally created the victim's loss from the first burglary." The court further noted that its order of restitution would teach the juveniles "responsibility for the consequences of their acts" and enhance "public protection and safety." The court concluded that the ruling limited restitution to "that general loss which is reasonably linked in some significant portion to the acts of the juveniles."

Appellant appeals, claiming that the juvenile court exceeded its authority in ordering restitution of $8,000 in light of his nonparticipation in the burglary and receipt of only a portion of the stolen goods. The State argues that, because the juvenile restitution statute contemplates punitive purposes for restitution and permits the court to render orders in the "best interest" of the child, the court did not abuse its discretion in ordering appellant to pay one half of the loss suffered by Skateboard Village in the first burglary.

## STANDARD OF REVIEW

We will not disturb an order of restitution unless the trial court exceeded its authority or abused its discretion. *State v.*

Snyder, 747 P.2d 417, 422 (Utah 1987); *State v. Garcia,* 866 P.2d 5, 6 (Utah App.1993); *State v. Robinson,* 860 P.2d 979, 980 (Utah App.1993), *cert. denied,* 878 P.2d 1154 (Utah 1994); *State v. Twitchell,* 832 P.2d 866, 868 (Utah App.1992).

## ANALYSIS

Although the parties briefed certain provisions of the criminal restitution statute, Utah Code Ann. § 76–3–201 (1995), both parties agreed at oral argument that the juvenile statute governs the restitution issue.[1] The controlling statute, Utah Code Ann. § 78–3a–39(2) (Supp.1995),[2] provides in part: "The court may order that the child be required to repair, replace, or otherwise *make restitution for damage or loss caused by his wrongful act* and may impose fines in limited amounts." *Id.* § 78–3a–39(2)(i) (emphasis added). In interpreting this provision, the Utah Supreme Court has stated "that the statute authorizes the court to order restitution only for damage caused by the offender's wrongful act, and that it does not cover damages which were not so proved." *In re Schroeder,* 598 P.2d 373, 374 (Utah 1979). The supreme court went on to say, however, that such restitution "may technically be beyond the offense as specifically charged against" the juvenile, provided there is some evidence or admission linking the juvenile to the damage. *Id.* at 374–75.

In *Schroeder,* the juvenile was initially charged with entering a single motor home with intent to commit a felony or theft therein. *Id.* at 373–74. The prosecution later charged the juvenile with the same offense as to four additional motor homes that were damaged the same evening. *Id.* at 374. The trial court dismissed the additional charges because the prosecution had access to information regarding the additional motor homes and failed to charge the juvenile with those offenses when the case was first filed. *Id.* In spite of its dismissal, however, the trial court imposed restitution for the full amount

---

1. We note, however, that our analysis of the juvenile restitution statute is comparable to discussions of restitution in the criminal context. *See, e.g., State v. Depaoli,* 835 P.2d 162 (Utah 1992).

2. The statute was renumbered in 1996 as section 78–3a–516(2).

of damages to all five motor homes, since the damages were the result of the same "criminal episode." *Id.* Based on the lack of evidence or admission of guilt regarding damages to the additional four motor homes, the supreme court reversed and remanded the case with instructions to the trial court to determine the "proper amount as restitution on the motor home upon which it has been established that the [juvenile] damaged." *Id.* at 375.

As noted above, the State does not contend that appellant participated in the burglary of Skateboard Village. During the restitution hearing, the deputy county attorney conceded that "[t]he best the State can prove is receiving stolen property." The State concedes that appellant's only connection to the damages suffered by Skateboard Village was in receiving a portion of the stolen goods. Based upon the language of subsection 78–3a–39(2)(i) and *Schroeder's* emphasis on the causal link between conduct and damages, we conclude that appellant's "wrongful act," i.e., receipt of stolen property, damaged Skateboard Village only in the amount of approximately $800. Because of the absence of evidence or admission that would link appellant to the burglary of Skateboard Village, the juvenile court had no basis "upon which to place upon [appellant] the responsibility for that damage." *Schroeder,* 598 P.2d at 375; *see also State v. Robinson,* 860 P.2d 979, 983 (Utah App.1993) (stating that "[r]estitution should be ordered only in cases where liability is clear as a matter of law and where commission of the crime clearly establishes causality of the injury or damages"), *cert. denied,* 878 P.2d 1154 (Utah 1994). While the juvenile court relied on the reasonable connection between appellant's conduct and the damages resulting from the burglary, we conclude that the restitution statute requires a more direct causal connection between appellant's wrongful act and the victim's losses.

■ The State points to subsections 78–3a–39(2)(t) and (u), which provide that "[t]he court may make any other reasonable orders for the best interest of the child or as required for the protection of the public," and that "[t]he court may combine several of the above-listed modes of disposition if they are compatible." We agree that these provisions give discretion to the juvenile court in determining an appropriate remedy that will best suit the needs of the juvenile and society as a whole. The statute, however, establishes restitution as a distinct remedy that is limited to the amount of damage caused by the juvenile's wrongful act. Although the juvenile court may also properly "impose fines in limited amounts," subsection 78–3a–39(2)(i), and "make any other reasonable orders for the best interest of the child," subsection 78–3a–39(2)(t), these additional remedies do not authorize the juvenile court to expand the scope of a restitution order beyond the victim's losses caused by the juvenile.

■ Finally, the State argues that appellant is liable for the $8,000 in restitution because appellant "became an after-the-fact accomplice and abettor" of the Skateboard Village burglary. Appellant, however, correctly points out that an accomplice, while liable for the same crime as the principal, must have the "mental state required for the commission" of the crime. Utah Code Ann. § 76–2–202 (1995). Because appellant first learned of the Skateboard Village burglary several days after its completion, he could not possess the mental state necessary to commit the burglary, and therefore cannot be held liable as an accomplice. *See* Utah Code Ann. § 76–6–202 (1995) ("A person is guilty of burglary if he enters or remains unlawfully in a building or any portion of a building with intent to commit a felony or theft or commit an assault on any person.").

## CONCLUSION

In light of appellant's receipt of only a portion of the stolen goods, we conclude that the juvenile court exceeded its authority in ordering appellant to pay one half of the full loss resulting from the burglary of Skateboard Village. We therefore reverse and remand the case to the juvenile court with instructions to enter a new dispositional order providing for such sanctions as the court may deem appropriate; however, the court may not order restitution in an amount be-

yond that which is consistent with the law, as explained in this opinion.

ORME, P.J., and DAVIS, Associate P.J., concur.