This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                            NO. 34,865

**CHINH HUYHN**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}      Defendant Chinh Huynh appeals from his jury convictions of three counts of

aggravated assault upon a peace officer (deadly weapon), contrary to NMSA 1978,

Section 30-22-22(A)(1) (1971); assault with intent to commit a violent felony (robbery), contrary to NMSA 1978, Section 30-3-3 (1977); aggravated fleeing law enforcement, contrary to NMSA 1978, Section 30-22-1.1 (2003); shooting at or from a motor vehicle, contrary to NMSA 1978, Section 30-3-8(B) (1993); and conspiracy to commit a felony, contrary to NMSA 1978, Section 30-28-2 (1979). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm Defendant's convictions.

{2} In his memorandum in opposition, Defendant continues to argue that there was insufficient evidence to support his convictions. However, Defendant does not raise new evidence, facts, arguments, or issues that are not otherwise addressed by this Court's notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. To the extent Defendant continues to contend that there was conflicting evidence,

weaknesses in the State's case, and/or defense theories that support acquittal, we reiterate that we do not re-weigh the evidence or substitute our judgment for the jury, the jury is free to reject Defendant's version of the facts, and it is within the province of the jury; to determine where the weight and credibility of the evidence and testimony lie. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 (stating that we do not re-weigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict); *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("[T]he jury is free to reject [the d]efendant's version of the facts."); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (stating that it is for the jury to resolve conflicts in the evidence and determine where the weight and credibility lie).

{3}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

{4}     **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____

3

**M. MONICA ZAMORA, Judge**